### Haynie *v.* The State, 32 Miss. Rep., 400.

#### Practice—Evidence.

The high court of errors and appeals refuse to revise the action of the circuit court in giving or refusing instructions asked in a criminal case, because the instructions, being no part of the record, were not made so by exceptions tendered at the trial.

A bill of exceptions to the judgment overruling a motion for a new trial, brings before the appellate court, for review, the motion and the reasons by which it was sustained; the evidence; and the judgment. The exception in such cases may contain a transcript of the instructions, but do not properly bring them up for revisal.

On trial of an indictment for illegal traffic in ardent spirits, the excuse being a sale " for medical purposes," the declarations of the vendee made at the time of the sale, are not sufficient to establish that the liquor was for medical purposes.

In error from the circuit court of Lafayette County. Scruggs, J.

The facts will be found in the argument of the counsel for plaintiff in error, and the opinion of the court.

*J. F. Cushman,* for plaintiff in error.

The appellant (Haynie) was indicted in the circuit court of Lafayette, at the October term, 1855, for a violation of the act of February, 1848, which prohibits the sale of vinous and spirituous liquors in less quanties than five gallons within five miles of the University of Mississippi; at the April term of said circuit court the said Haynie was found guilty, and sentenced to one month's imprisonment in the county jail, and to pay a fine of two hundred and fifty dollars. The only witness for the state was William Trigg, who testified that as many as fifteen times, with-

in the year before this indictment was found, he had bought spirituous liquors in less quantities than five gallons from Haynie, at his drug store, who was druggist in the town of Oxford, within five miles of the University of Mississippi. Witness further said, that Haynie always asked him, when he purchased the liquors, if he, witness, desired it for medical purposes, before he let him have it, and witness always said he did want it for medical purposes; that he, witness, never purchased two bottles in one day, and witness did not use the liquors purchased for medical purposes; that he, witness, did not know that Haynie knew for what purpose they were used, or that they were not used for medical purposes. Witness testified that he was a single man, and has generally enjoyed good health, which he presumes Haynie knows; and that he, witness, never told Haynie that he wanted the liquor for other than medical purposes.

This was all the testimony in the case. The appellant, Haynie, had no witnesses; but he asked the court to give the following charge to the jury, which was refused; and a motion was made, after conviction, which was overruled, and at the time excepted, and the charge incorporated in the bill of exceptions.

"The defendant, Haynie, is not responsible for what the witness, (T.,) did with the liquors after he had obtained them, if, at the time Haynie did not know that witness wanted them for any other than medical purposes."

The state, also, among others, asked the following charge to the jury, which was excepted to in the appellant's motion for a new trial; but the exception was overruled, and the charge incorporated in the bill of exceptions:

"If the jury believe that the defendant sold the liquor to Trigg on his representations that it was for medical purposes, it *devolves* on the defendant to prove that the liquor was for medical purposes; and if he has failed to do this, the jury will find him guilty."

It certainly cannot require argument to prove that the charge given by the court for the state, which was excepted by the appellant, was erroneous; for the statute under which the indictment was found does not require a druggist, when he sells from

his drug store liquors for medical purposes, to prove that such liquors were used for that purpose. Acts Leg., 1848, (Hutch. Code, 237.) If it did require such proof, no sensible man would sell spirituous liquors from his drug store in Oxford, as it would be the next thing to an impossibility for him to follow the purchaser, and watch him all the time, to see what he did with it. Besides, such an act would contravene that long established and humane rule of criminal law, which presumes every one innocent until they are proven to be guilty. It was error to have refused appellant's charge. The statute does not require a druggist to foresee what is to be done with the liquor, when he sells, as in this case, for medical purposes. Hutch. Code, 237, § 1.

The appellant certainly ought not to be made to suffer because the witness for the state chose to make false representations as to the use he intended to make of the liquor, when he sold it within the strict letter of the law, for medical purposes, as the witness proves.

*D. C. Glenn*, attorney general

SMITH, C. J.:

This was a conviction under the act of 1848, declaring it to be unlawful for any person to sell vinous or spiritous liquors, in any quantity less than five gallons, within five miles of the University of Mississippi; provided, however, that the act shall "not be construed to prohibit the sale of vinous and spirituous liquors from any drug store, for medicinal purposes."

The grounds relied on for a reversal of the judgment are: 1st. The refusal of the court to instruct the jury as requested by the defendant. 2d. The jury found contrary to law and the evidence.

Both of these questions arise upon the motion for a new trial, which was made and overruled in the court below.

The act of March 3d, 1846, which provides that "when charges or instructions are given or refused, the same shall be noted at the time by the clerk as given or refused, and when so noted or endorsed, shall be a part of the record, without any bill of exceptions, either on appeal or writ of error to the high court

of errors and appeals," is expressly confined to civil suits in the circuit courts. Hutch. Dig., 893, § 1, 2.

The statute of the 29th of June, 1822, is the only act which authorizes a party on trial for any criminal offense, when he feels himself aggrieved by any charge or decision of the court, to except thereto, and to tender a bill of exceptions, which, when signed and sealed by the judge, is declared to be a part of the record. It follows hence, that, unless this is done, no decision made, or charge given, pending a prosecution, will become a part of the record in the case; and consequently, although the clerk may note such charge or instruction as having been given or refused, and transcribe it as a part of the record, the court cannot judicially take notice of it.

It does not appear from the record before us, that the action of the court in reference to the giving or refusing of any instructions requested by either party, was excepted to on the trial. This, according to the plain construction of the statute, was essential, before such action of the circuit court could be made the subject of revision in this. It is clear that an instruction which is given, or one which is refused, is no more a part of the record than the arguments of counsel on the evidence offered at the trial. And it is settled that no matter, which is not necessarily a part of the record, can be made such, except through the medium of a bill of exceptions.

The proper office of a bill of exceptions tendered to the decision on a motion for a new trial is, to place upon the record the motion, and the reasons assigned in support of it; the judgment on the motion, and the evidence, or the substance of the evidence adduced on the trial. But a very loose and irregular practice has crept into use, and has been sanctioned by the decisions of this court. Matter foreign to the legitimate objects of a bill of exceptions to the granting or overruling a motion for a new trial, has been allowed by that means to be introduced into the record. This practice is commended by its convenience, but the confusion and uncertainty which it occasions are sufficient to condemn it. A further departure from the rule of practice laid down by the statute is not to be tolerated.

We cannot, therefore, notice the instructions, which appear

from the endorsement of the clerk to have been either granted or withheld, and which are transcribed into the bill of exceptions tendered to the decision overruling the motion for a new trial. If the bill had stated that the defendant did, at the time the instructions were granted or refused, except to the ruling of the court, although he did not tender a formal bill of exceptions, it would, perhaps, have been sufficient. But no such statement is contained in the bill.

But if the defendant had, in fact, excepted, formally, to the refusal of the judge to grant the charge requested by him, and the instruction given at the instance of the district attorney, the result would not be different. The charge granted for the prosecution was unquestionably correct; and conceding that the defendant's instruction which was refused, was proper, and should have been given, the verdict ought not to be set aside, as it was manifestly correct upon the evidence.

Judgment affirmed.


FISHER, J., dissented, as follows:

I dissent from so much of the opinion of the majority of the court, as holds that it was necessary to take a special exception to the refusal of the court to give the defendant's instruction. My opinion is, that the bill of exceptions taken to the decision of the court overruling the motion for a new trial, brings before this court every matter which the court below could consider on that motion.

The court could certainly, on the motion for a new trial, correct its own error, either in giving a wrong, or in refusing a correct instruction, whether the exception was specially taken at the time or not. The court, then, having committed an error, and having the power to correct it, and failing to do so, the question is, can such refusal be made the ground of an exception; and if of an exception, can it not be made a ground of error in this court? I think it can.