McGuire *v.* State, 37 Miss. R., 369.

### Retailing.

The circuit court has the right to set aside a juror, without challenge from either party.

After a juror has been sworn and has taken his seat, if it be discovered that he is incompetent to serve, the court, in the exercise of a sound discretion, may set him aside at any time before evidence is given.

That there is a reasonable ground to suspect that a juror will act under some undue influence or prejudice, is sufficient to authorize the court, in the exercise of a sound discretion, to set him aside.

The fact that a juror stood indicted and untried for the same kind of offense as that for which he was called upon to try another person, is sufficient ground for setting him aside.

Where no objection appears to have been made to a juror sworn in the place of one set aside, it will be presumed that the case was tried by an impartial jury.

In prosecutions for retailing, a druggist selling spirituous liquor in the quantities and within the limits prohibited by the statute, cannot justify himself by the mere representations of the purchaser, that the liquor was for medicinal purposes.  Haynie v. State, 32 Miss., 400.

The refusal of the circuit court to grant instructions containing mere abstract propositions of law, cannot be assigned as error.

Error to La Fayette circuit court.  Thompson, J.

M. J. McGuire was indicted in the court below for selling vinous and spirituous liquors in less quantities that five gallons, within five miles of the University of Mississippi, under the Act of 28th February, 1848, Rev. Code, 156, § 4.  The first section of this act prohibits the sale of vinous and spirituous liquors in less quantities than five gallons, within five miles of the university, and contains the following proviso: "Provided, however, nothing herein shall be construed to prohibit the sale of vinous and spirituous liquors in less quantities than five gallons from drug-stores, for medicinal purposes.

After the jury was empaneled and sworn, the district attorney objected to one Isaac Addington, one of the jury, for cause,

and assigned for cause that there was pending in the court, at that time, several bills of indictment against him for retailing. The court sustained the objection, and set the juror aside, and a *tales* juror sworn in his place; to which the defendant excepted.

The defendant asked the following charges, which were refused by the court, to wit:

1. If a party buys liquor from a druggist in less quantities than five gallons, within five miles of the University of Mississippi, for a beverage; but if he, at the time he so bought it, represented to the druggist that he wanted it for medicinal purposes, and if the jury believe that the party purchasing it was such a person, and bought the liquor under such circumstances as that a prudent druggist might have been deceived, and that the druggist was deceived by the purchaser, and believed he wanted it for medicinal purposes, such sale by a druggist is not a violation of the law.

2. If the jury believe, from the evidence, that the defendant sold the liquor to the witness in good faith for medicinal purposes, then he is not guilty, although the jury may believe that the witness imposed upon the defendant as to the object for which the liquor was in fact bought.

3. The defendant is not responsible for what the witness did with the liquor after he obtained it, if at the time the defendant did not know that the witness wanted it for any other than medicinal purposes.

4. If the jury have a reasonable doubt as to the guilt of the defendant, they will give the defendant the benefit of such doubt.

5. The defendant is entitled to the benefit of all reasonable doubts arising out of the testimony in the case.

The defendant was convicted, and on his motion for a new trial being overruled, he excepted, and sued out this writ of error.

*H. A. Barr*, for the plaintiff in error.

1. A juror cannot be challenged for cause, or set aside, after the entire jury has been elected, empaneled and sworn. 1

Archb. Cr. Pr. & Pl., 163; 2 Hawks' P. C., 568; 1 Chitty's Cr. Law, 545; Wharton Am. Cr. Law, 971; 1 Coke Inst., bk. 3, ch. 9; McClure v. State, 1 Yerger, 206; Regina v. Frost, 9 C. & P., 137; Commonwealth v. Knapp, 10 Pick., 477; Bratton v. Bryan, 1 Marsh., 212; King v. State, 5 How., 730; State v. Flower, 1 Walk., 318; Commonwealth v. Jones, 1 Leigh, 598; Beauchamp v. State, 6 Blackf., 299; Hooker v. State, 4 Ohio, 348; Manley v. State, 7 Blackf., 593; Morris v. State, ib., 607; Williams v. State, 3 Kelly, 453; 4 Black. Com., 283.

2. The fact that a juror stands indicted for a similar offense, never has been held to be sufficient cause of challenge. Wharton Am. Cr. Law, 967, 968. It was error to set aside the juror for insufficient cause. Boles v. State, 1 S. & M., 400, 401; 24 Miss. R., 452; Ogle v. State, 33 Miss. R., 388 (dissenting opinions); Cotton v. State, 31 Miss. R., 509, per FISHER, J.

3. The court below erred in refusing the fourth and fifth instructions to the jury. The ground upon which the court refused these instructions was, that they did not apply to mis-demeanors. In the case of the State v. Turner, Wright's Ohio Reports, it was held that the rule of law in relation to doubts applies only in capital cases, and not to misdemeanors. But Wharton, citing this case, says: "It cannot be doubted, that in making such distinction, the learned judge was in error. Doubts as to a defendant's guilt are to weigh in his favor, because the law presumes him innocent until he is shown to be guilty; and if such presumption exists at all, it exists in every case alike." Wharton Am. Cr. Law, 330.

"In all criminal cases whatsoever, it is essential to a verdict of condemnation that the guilt of the accused should be fully proved; neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact to the exclusion of all reasonable doubt." 1 Starkie Ev., 451; 3 Greenl. Ev., §§ 30, 31.

"The jury, in civil cases, must decide upon the mere preponderance of evidence; whereas, in order to a criminal conviction, they must be satisfied of the party's guilt beyond any reasonable doubt. 1 Greenl. Ev., 537; 3 ib., 29. The jury are to be

morally certain of the guilt of the prisoner, to the exclusion of every doubt. Burrill on Cir. Ev., 198. It is an established maxim in criminal cases, that the jury are not to weigh the evidence, but in cases of doubt acquit the prisoner. Roscoe's Cr. Ev., 14. Every one is presumed to be innocent until the contrary is proved; and if there is reasonable doubt of his guilt, he is to have the benefit of such doubt. 1 Archbold Cr. Pr. & Pl., Waterman's notes, 118; see also, Cicely v. State, 13 S. & M., 211.

The rules applicable to crimes must be applied to misdemeanors, for they are synonymous terms. 4 Black. Com., 5; 3 Greenl. Ev., § 1.

4. The doctrine of the intent with which an offense is committed, is one of the foundation principles of public justice. There is only one criterion by which the guilt of men is to be tested, and that is, whether the mind is criminal. The act itself does not make the man guilty, unless his intention were so. 1 Bishop's Cr. Law, 226, 227.

5. The error committed by the court below in refusing to give the instructions asked by defendant, should reverse the case. If the jury had been permitted to consider the facts of the case, in the light of the instructions asked by the defendant, it is probable that the verdict would have been different. At least, it cannot be said that the verdict would have been the same, if the jury had been permitted to consider the intention of the defendant, and to give him the benefit of a reasonable doubt of his guilt.

*T. J. Wharton*, attorney general.

1. " After a juror has been sworn in chief and taken his seat, if it be discovered that he is incompetent to serve, he may, in the exercise of a sound discretion, be set aside by the court, at any time before evidence is given; and this may be done even in a capital case, and as well for cause existing before as after the juror was sworn. Wharton Am. Cr. Law, 860; Toel v. State, 11 Leigh, 714; People v. Damon, 13 Wend., 352. The court may and should, in its discretion, set aside all persons who are incompetent jurors; and it may be done after he is

approved, without objection to him by the state or accused. 9 S. & M., 115; 2 Mason, 91–94, 104; 6 Humph., 249; 8 ib., 597; 2 Dev. & Bat. 196.

2. The refusal of the court to give the fourth and fifth instructions for the defendant, I am free to admit, without consenting to a reversal, that I have found but one case sustaining the action of the court. State v. Turner, Wright (Ohio) R., 29, where a distinction is made between crimes and misdemeanors on the subject of doubt in the minds of the jury. In that case, referring to the giving of reasonable doubts to the accused, the court say : "But this is a rule of law adopted in favor of life, and is, therefore, in this case, only applicable to the charge of murder in the first degree. It does not apply to either of the other offenses embraced in the indictment. It is impracticable to attain absolute certainty in human affairs, * * * although the rule of law on the subject of doubts does not apply to crimes not punishable with death," &c.

3. The verdict of the jury is fully supported by the evidence, and I leave it for the court to say whether the ruling was proper on the above points, and if not, whether the judgment shall be reversed, seeing that the same result would have occurred if the charges had been given.

Handy, J. :

The plaintiff in error was indicted and convicted for unlawfully selling spirituous liquors in less quantity than five gallons, within five miles of the University of Mississippi.

Several bills of exception were taken in the court below, which present the grounds of error here assigned.

The first ground of exception was, that after the jury had been empaneled and sworn, the district attorney objected to one Addington, who had been sworn on the panel, sitting as a juror in the case, because there were then pending in that court several indictments against him for retailing spirituous liquors; and the court sustained the objection, and set aside the juror, and caused another person to be summoned and sworn in his place.

It is held by this court that the court below has the power to

set aside a juror without challenge by either party. Lewis v. The State, 9 S. & M., 115. This is upon the ground that it is the duty of the court to see that an impartial jury is empaneled, composed of men above all exception. Upon the same principle, it is laid down that after a juror has been sworn and taken his seat, if it be discovered that he is incompetent to serve, the court, in the exercise of a sound discretion, may set him aside, and at any time before evidence is given. Wharton's Amer. Crim. Law, 860 (2d edit.); People v. Damon, 13 Wend., 351; Tooel v. Commonwealth, 11 Leigh, 714; Williams v. The State, 32 Miss., 389.

As to the sufficiency of the objection to the juror, that is a matter which should rest, for the most part, in the sound discretion of the court, especially in cases of misdemeanor. It has been held to be a sufficient objection to the competency of a juror, that there are reasonable grounds to suspect that he will act under some undue influence or prejudice. Whart. Cr. L., 858. The fact that a juror stood indicted and untried for the same kind of offense as that upon which he was called upon to try another person, would most naturally create a bias in his mind, and a disinclination to finding a verdict against the accused. For the verdict would, in a greater or less degree, have the effect of a precedent, either for or against a conviction in similar cases, and the situation of such a juror appears to come fully within the principle which requires a juror's mind to be free from all bias and prejudice, and especially such as has relation to his own interest.

It does not appear that there was any objection to the competency of the juror sworn in the place of the one who was set aside, so that it must be taken that the case was tried by a fair and impartial jury. We think that this ground of error is untenable.

The next error assigned applies to the instructions asked in behalf of the accused and refused by the court.

The second instruction is as follows: " If the jury believe, from the testimony, that the defendant sold the liquor to witness in good faith, for medicinal purposes, believing, at the time, that witness wanted the liquor for medicinal purposes,

then. he is not guilty, although the jury may further believe, that the witness imposed upon defendant as to the object for which the liquor was in fact purchased." And the first instruction is substantially to the same effect, and the same idea is conveyed in the third.

The evidence in relation to the sale consisted of the testimony of James F. Dunlap, who testified that he had obtained spirituous liquor in quantities, never more than a quart at a time, as many as twelve times; that sometimes he wanted it for medicinal purposes, and sometimes not; that once he got it from the defendant, when witness was intoxicated, but was not certain whether defendant knew he was intoxicated or not, but thinks he could have known it, because other persons could tell when he was intoxicated. That defendant always asked him if he wanted the liquor for medicinal purposes before he got it, and sometimes he told him it was for that purpose, and sometimes he answered, " *Of course.*" That he did not tell him directly and positively that it was for medicinal purposes when it was not, but that he always replied to defendant's question whether it was for medicinal purposes, " *Of course,*" in an emphatic way. That witness was a married man and had a family; that defendant was a druggist at Oxford, within five miles of the University of Mississippi.

It has been settled by this court that, in prosecutions under the statute upon which this indictment is founded, a druggist selling spirituous liquor in the quantities and within the limits prohibited by the statute, cannot justify himself by the mere representations of the purchaser that the liquor was purchased for medicinal purposes, but that it devolves upon him to prove that it was purchased for that purpose. Haynie v. The State, 32 Miss., 400.

It is clear, from the evidence, that some of the liquor in this case was purchased for other than medicinal purposes; and hence the instructions, which rely as a justification upon the belief of the defendant, founded on the statements of the purchaser, that the liquor was for medicinal purposes, were properly refused. But, in addition to this, it is quite apparent from the testimony that these representations of the purchaser were

mere matters of form; and the manner in which they were made clearly showed that they were understood not to show the real purpose of the purchase, and that the defendant could not have been deceived as to its real purpose. This is manifest from the fact that the sales were sometimes made to the party when intoxicated.

These instructions were, therefore, properly refused.

The fourth and fifth instructions state the general rule, that if the jury had a reasonable doubt of the defendant's guilt, they should acquit.

This, as a general rule of law, is unquestionably correct; and the instructions should have been given. But yet, the refusal of them is not necessarily error. As abstract propositions, it is true, they are correct. But did the refusal to give them, prejudice the defendant? It clearly could not have had that effect; for, upon the evidence, there was no such state of doubt as could be resolved in his favor. The sale was fully proved, and there was an entire failure to show that it was made under the circumstances of justification stated in the case above cited. If the instructions had been given, there was not a state of case made to which they could have had any proper application; and they could not, therefore, have benefited the defendant. Hence the refusal of them is no ground of reversal.

The instructions granted at the instance of the state are erroneous, for the same reason as those asked in behalf of the defendant; in holding that the representations of the purchaser, in order to justify the sale, must have been such as to satisfy a reasonable man that the liquor was purchased in good faith for medicinal purposes. But this error was favorable to the defendant, and he cannot complain of it.

Upon consideration of the evidence, it is clear that the judgment is correct, and that the technical errors committed could not, in law, have operated to the prejudice of the defendant. The judgment is, therefore, affirmed.