COMMONWEALTH *vs.* SOPHIA C. THOMPSON & another.

An indictment on the Gen. Sts. c. 165, § 9, for causing a woman to miscarry, need not allege either that she did or did not die.

An averment that the defendant "maliciously and without any lawful justification " caused a woman to miscarry, is sufficient in an indictment on a statute imposing punishment upon whoever "unlawfully " causes miscarriage of a woman.

No exception lies to the refusal of a judge to allow separate trials to defendants jointly indicted, because one of them has made an arrangement with the prosecuting officer that he shall be discharged without sentence.

At the trial of defendants jointly indicted, the counsel of one of them, when called as a witness by the other, will not be compelled to answer whether he has made an arrangement with the prosecuting officer that his client shall not be sentenced, if the client has not testified and does not propose to testify.

On the trial of an indictment for procuring, counselling and commanding A. B. to cause a miscarriage, evidence that the defendant wrote to A. B. that he wanted to put a female friend under her treatment; that he took a woman, who was pregnant by him, to A. B.'s house and left her there; that A. B. caused the woman to miscarry; that the defendant afterwards told A. B. to get help and take care of the woman if she needed it; and that he subsequently took the woman away and paid A. B. fifty dollars; is sufficient to warrant a conviction.

INDICTMENT on the Gen. Sts. c. 165, § 9, against Sophia C. Thompson for " maliciously and without any lawful justification " using an instrument upon Mary J. Fitzgerald, with intent to cause and procure a miscarriage, and against Joseph Hale for procuring, counselling and commanding Thompson to commit the felony.

At the trial in the superior court for Middlesex, the defendant Thompson, before the empanelling of the jury, moved to quash the indictment, because it did not allege whether the woman upon whom the instrument was used did or did not die, and because it did not allege that the instrument was used unlawfully; and *Putnam*, J., overruled the motion.

Thompson then moved that the defendants should be tried separately, on the ground that Hale had made an arrangement with the district attorney, that, whatever might be the result of the trial, he should not be sentenced, but discharged; and the judge overruled the motion.

The defendants were defended by different counsel. After the close of the evidence for the Commonwealth, Thompson called Seth J. Thomas, Esquire, counsel for Hale, as a witness, and asked him whether any arrangement had been made between him, as counsel for Hale, and the district attorney, by which Hale was not to be sentenced, if found guilty. The witness objected to answer, on the ground that he could not do so without prejudicing his client; and the judge refused to compel him to answer, stating " that the inquiry did not seem to have any pertinency to the defence of Thompson, as Hale had not testified and did not propose to testify, and as the case then stood there was no evidence that he had furnished any evidence against Thompson."

There was evidence tending to show that Thompson committed the felony; and also that the woman Fitzgerald was pregnant by Hale; that he wrote to Thompson that he had a female friend whom he wanted to put under her treatment; that he carried Fitzgerald to Thompson's house in Stoneham, and left her there that he came to see her after the operation, and told Thompson to get help and take care of her if she needed it; and that afterwards he came and took her away, and paid fifty dollars to Thompson.

Hale requested the judge to rule that there was no evidence upon which the jury could convict him; but the judge refused so to rule. The jury found both defendants guilty, and they alleged exceptions.

*A. V. Lynde & C. Abbott*, for Thompson.

*S. J. Thomas*, for Hale.

*C. Allen*, Attorney General, (*J. C. Davis*, Assistant Attorney General, with him,) for the Commonwealth.

COLT, J.   1. The motion to quash this indictment was properly overruled. It is not necessary to allege that the woman operated upon either did or did not die. *Commonwealth* v. *Wood*, 11 Gray, 85. *Commonwealth* v. *Hamilton*, 15 Gray, 481. The averment that the acts were done " maliciously and without any lawful justification " is sufficient, although the word used in the more recent statute is " unlawfully." The two expressions are synonymous. *Commonwealth* v. *Sholes*, 13 Allen, 554. *Commonwealth* v. *Fogerty*, 8 Gray, 489.

2. No exception lies to the refusal to allow separate trials. The reason for the motion, namely, the alleged promise of the public prosecutor to discharge one of the defendants in any event, was a matter to be addressed to the discretion of the court. The granting of separate trials is within the discretion of the court, and is not a matter of right. *Commonwealth* v. *James*, 99 Mass. 438.

3. Mrs. Thompson called the counsel of Hale, her co-defendant, as a witness in her defence, who objected to stating whether any arrangement had been made by him with the prosecuting attorney by which his client was not to be sentenced if found guilty. The court properly declined to compel an answer to the question. The fact was not material at that stage of the case, however proper for the consideration of the court on the motion for a separate trial. The existence of such an arrangement had no tendency to show Mrs. Thompson's innocence; and could only have been shown to discredit Hale in case he had been examined as a witness.

4. There was sufficient evidence to justify the jury in finding that Hale counselled, hired or otherwise procured the alleged fel-

ony to be committed by Mrs. Thompson. He wrote, asking her to treat a female friend. He carried the woman, who was pregnant by him, to her house in Stoneham, and left her there. He gave direction as to her care and comfort; and he paid the bill when the operation was over. *Exceptions overruled.*