COMMONWEALTH *vs.* SALVATORE VONA.

Middlesex.    November 19, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Dying declaration.    *Witness,* Incriminating testimony.

At the trial of an indictment for murder by shooting, the Commonwealth
    offered in evidence a statement by the decedent taken at a time after
    the shooting, which was the day of his death, at a hospital to which
    he had been removed, the opening portion of the statement being as
    follows: "I . . . decide to make this my last statement.    From what·
    the doctors have told me and the way I now feel that I cannot live very
    long and I want this to be my last statement concerning the shooting
    . . . ."    The judge admitted the statement and left to the jury the
    question, whether the declarant was conscious of his condition and had
    abandoned all hope of recovery.    The jury found the defendant guilty.
    *Held,* that the words quoted sufficiently showed that the declarant was
    conscious he was nearing his end, and that the declarations which
    followed were made under a sense of impending death; and the declara-
    tion properly was admitted.
The defendant at the trial above described called a witness, who was with
    the defendant at the time of the shooting, who refused to testify on the

ground that his testimony might tend to incriminate him. The defendant then offered to prove that a secret indictment as "accessory before the fact" was found against the witness in the December before the trial after he had been interviewed by representatives of the district attorney's office, and that he was not taken into custody until, in the following April, he had come to the court house as a witness for the defendant. *Held,* that, the witness having refused to testify on the ground that his testimony might tend to incriminate him, the evidence offered was wholly immaterial.

INDICTMENT, found and returned on March 9, 1922, charging the defendant with the murder of one Luigi Scibelli on February 19, 1922, at Malden.

In the Superior Court, the action was tried before *Fosdick,* J. Material evidence and exceptions by the defendant are described in the opinion. The jury found the defendant guilty of murder in the second degree. The defendant alleged exceptions.

The case was submitted on briefs.

*J. M. Graham & C. J. Muldoon, Jr.,* for the defendant.

*A. K. Reading,* District Attorney, *& R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

BRALEY, J. The defendant, although indicted and tried for murder in the first degree, was convicted of murder in the second degree. During the trial the defendant saved exceptions to the admission of evidence, which he contends should be sustained. The indictment charged that on February 19, 1922, the defendant at Malden did assault and beat one Luigi Scibelli with intent to kill and murder him, and by such assaulting and beating did kill and murder said Luigi Scibelli. The evidence for the Commonwealth in substance showed, that on the night of February 19, 1922, the defendant met Scibelli on the street and said to him, "To you, you must die," and approaching Scibelli he fired point blank, when Scibelli fell to the ground. It further appeared and could be found by the jury on the medical testimony, that of the two bullets which entered the body of Scibelli, one passed through the knee cap, and the other through the stomach lodging in the back below the shoulder blade, and that the last wound caused Scibelli's death, which occurred February 20, 1922.

While Scibelli was at the Malden hospital, to which he was removed and where he died February 20, 1922, he signed and made oath on that day to a statement of what took place at the time of the homicide. The admission of this statement is the first exception. The judge was to pass upon the preliminary conditions which were necessary for its admissibility. *Commonwealth* v. *Bishop,* 165 Mass. 148, 152. It must appear that the declarant was conscious of his condition and had abandoned all hope of recovery; but proof of an immediate dissolution is not required. *Commonwealth* v. *Cooper,* 5 Allen, 495. *Commonwealth* v. *Roberts,* 108 Mass. 296, 301. The opening sentences of the statement, " My name is Luigi Scibelli, 2 Malden Street. I, Luigi Scibelli, decide to make this my last statement. From what the doctors have told me and the way I now feel that I cannot live very long and I want this to be my last statement concerning the shooting on February 19," sufficiently show that the declarant was conscious he was nearing his end, and that the declarations which followed were made under a sense of impending death. *Commonwealth* v. *Cooper,* 5 Allen, 495, 497. The statement was admitted rightly. The jury, to whom under our practice the judge left the question, could reject it if they were of opinion that Scibelli still had hopes of recovery, and they also were to pass upon the weight to be given to it. *Commonwealth* v. *Brewer,* 164 Mass. 577, 582.

The defendant and a witness in his behalf having testified, that one Amato Russo was with them on the night of the alleged murder, the defendant called Russo, who refused to testify because he might incriminate himself. If the statements of defendant's counsel are treated as an offer of proof it appears, that in December, 1923, Russo " was indicted as accessory before the fact on a secret indictment, and that he was living in Malden all the time from that time until the day that he came over here on April 21, 1924, to testify in behalf of the defendant," the present case being then on the trial list, and "on that morning he was placed under arrest on this indictment." The court having asked, "The purpose of that testimony being to base an argument of what?" counsel replied, "That after having told his story he was

indicted, or an indictment was caused to be brought by the district attorney's office, the story which he told the district attorney's office being favorable to the defendant and for the purpose of stopping him from testifying for the defendant." The indictment on which Russo had been arrested was still pending, and it is too plain for discussion that he could not be compelled to give evidence which might tend to criminate him in the trial of his own case, or subject him to punishment. *Commonwealth* v. *Trider*, 143 Mass. 180. *People* v. *Forbes*, 143 N. Y. 219. The offer of proof was properly excluded.

*Exceptions overruled.*