Gillen, J.
This is an action of contract in which the plaintiff seeks to recover the sum of $106.00 for political advertising furnished the defendant.
The defendant’s answer is a general denial and an allegation that the plaintiff, his agents, employees and servants solicited the defendant for political advertising.
The plaintiff answered a “Demand for Admission of Facts” which the defendant filed, and said among other things that he, the plaintiff, authorized his agents and servants to solicit political advertising of the defendant, to be placed in the Belmont Herald.
The plaintiff filed a motion for further answers to his interrogatories numbered two to seventeen, inclusive. The court ordered the defendant to answer further. The defendant refused to answer as his answers would incriminate him by virtue of Gr. L. (Ter. Ed.), Oh. 55, §9, and Oh. 56, §66. The defendant claims to be aggrieved by the order of the court.
G. L. (Ter. Ed.), Ch. 55, §9, reads:
• “No person . . . shall demand, solicit, ask or invite from a candidate for nomination or election to public office any payment ... or gift of money ... or promise of payment . . . for advertising . . . and no such *269 candidate for nomination or election shall make any •such payment or gift or promise to make any , such payment or gift to any person ... if such person has demanded, solicited, asked or invited from him any such payment, gift or promise of payment or gift.”
Q-. L. (Ter. Ed.), Ch. 56, §66, provides a-penalty for violation of Ch. 55, §9.
Gr. L. (Ter. Ed.), Ch. 55, consists of many regulations aimed at candidates for nomination and election to public office, political committees, persons in the public service and others. It regulates the soliciting of votes and campaign expenditures. It forbids bribery and corruption in relation to elections and the influencing of votes by promises, gifts or rewards. P'ayments and their receipt, for editorial support of candidates for public office, are forbidden by §32 of this chapter, which section was first enacted in 1907.
In 1911 the governor of the Commonwealth in his inaugural address to the legislature recommended “Election Reforms” (Senate Bill #1 of that year). Based on this and other petitions relating to election reforms the Committee on Election Laws favorably reported its own bill (Senate #562), which was enacted into law as Chapter 679 of the Acts of 1911. By section 3 of this act, a payment or promise of payment for political advertising, when such payment or promise of payment is solicited, and solicitation and demand for payment for said advertising, were for the first time forbidden; and this section was retained by all subsequent legislation and its subject matter is now embodied, as originally passed, in Gr. L. (Ter. Ed.), Ch. 55, §9.
The plaintiff does not contend that the defendant was not a candidate for public office at the time said political advertising was furnished the latter.
*270 G. L. (Ter. Ed), "Ch. 231, $63, reads:
''Interrogatories shall be filed in the clerk’s office . . . but no party interrogated shall be obliged to answer a question . . .tending to incriminate him . . ..”
The privilege of declining to answer questions propounded to a witness on the ground that the answers will have a tendency to expose him to . . . punishment on a criminal charge is the privilege of the witness, to be exercised by him. Com. v. Shaw, 4 Cush. 594. A witness can refuse to testify on the ground that he might incriminate himself. Com. v. Vona, 250 Mass. 509. But the question must be one the answer to which has a reasonable tendency to accomplish the result which the witness says it will. The court, not the witness, is to determine that, Bull v. Loveland, 10 Pick. 9, 14, Republic of Greece v. Koukouras, 264 Mass. 318, 323, although that rule is not too well settled. 1 Greenleaf on Evidence, sec. 451. Wigmore on Evidence, sec. 2271.
If it can be seen that the witness is merely relying on a legal delusion, the duty of the court is plainly to compel answers; but it ought to be a pretty plain case, not admitting of any real doubt, before the court orders the witness or the party interrogated to answer.
And as was said in Com. v. Kimball, 24 Pick. 366, at 369, “the distinctions between questions, the answer to which would tend to criminate the witness, and those which a witness may be required to answer, are extremely nice and refined, and the cases depend much on their own circumstances.”
And the rule is not whether it will, but whether it might criminate.
We feel that G. L. (Ter. Ed.), Ch. 55, §9, definitely forbids any person demanding or soliciting payment or promise of payment for political advertising, and also forbids *271 the payment or promise of payment for said advertising where such payment or promise of payment is solicited or demanded, and that this section is specifically aimed at, and its obligations apply, to candidates for public office as well as other persons. This section, in so far as it relates to advertising, was an endeavor to place a candidate for public office in a position where he could be independent of demands from a newspaper to advertise in their columns without harmful consequences to his candidacy by reason of a refusal.
In the instant case, all the interrogatories are concerned with the ordering of, receipt of, the price of and the payment for said advertising.
We cannot say that answers to the questions would have no tendency to place the defendant in a situation where he could be charged with a crime, or might not constitute a link in a chain of evidence tending to that result.
The questions are so intimately connected with the subject matter forbidden by G-. L. (Ter. Ed.), Oh. 55, §9, that an answer to any of them might criminate or at least have a tendency to criminate the defendant. We cannot say the defendant is relying on a fanciful or imaginary contention, and his motive in raising the defence that is raised in this case rather than paying for the advertising is not our problem.
Where the right is so fundamental, as it is in the matter of exercising privilege, and where the forcing of an answer is fraught with the possibility of making a person provide evidence that could be used against him in a criminal action, as is the case here, it is the opinion of this division that the defendant should not be required to answer any of the interrogatories, and it is, — >
So ordered.