COMMONWEALTH *vs.* DANIEL R. WHEELER.

Hampden.    January 3, 1944. — January 31, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Abortion.    Evidence,* Relevancy and materiality, Of intent.

Evidence warranted findings that an abortion which a physician admitted
having performed on his wife was in fact unnecessary for the preserva-
tion of her life or her health, mental or physical, and that he did not
perform the abortion in good faith and with an honest belief that it
was necessary for such purpose; and his conviction for violation of
G. L. (Ter. Ed.) c. 272, § 19, was justified.

At a trial of a physician upon a charge of performing an abortion in vio-
lation of G. L. (Ter. Ed.) c. 272, § 19, there was no error in refusing ;
a requested ruling that an "abortion is not unlawful if in the average.
judgment of the doctors in the community in which it is performed it
is reasonably necessary to preserve the life or health, including mental
health, of the person upon whom it is performed," since the requested
ruling omitted all reference to the good faith and honest belief of the
defendant himself.

Evidence as to accepted medical practice respecting the performance of
abortions was admissible, as bearing on the defendant's intent, at the
trial of an indictment against a physician for performing an abortion
on his wife in violation of G. L. (Ter. Ed.) c. 272, § 19.

INDICTMENT, found and returned on May 6, 1943.

The indictment was heard by *Brown,* J.

*G. J. Callahan,* (*R. Woodbury* with him,) for the defendant.

*A. W. Bettigole,* Assistant District Attorney, for the Com-
monwealth.

QUA, J.    The defendant, a practising physician, has been
found guilty by a judge sitting without jury upon an in-
dictment charging the defendant (first count) with "unlaw-
fully" using a rubber tube upon the body of the defendant's
own wife; (second count) with "unlawfully" administering
to her a "drug, medicine, or other noxious thing"; and
(third count) with "unlawfully" doing both of the forego-
ing acts, all with intent to procure her miscarriage in viola-
tion of G. L. (Ter. Ed.) c. 272, § 19.

At the trial the defendant admitted having procured the

abortion of his wife. His defence was that it was necessary in order to preserve her mental health and was therefore "therapeutic" and not unlawful. More specifically, he contends that the burden was upon the Commonwealth to prove that he performed the abortion "unlawfully"; that is to say, to prove that it was not necessary in order to preserve his wife's mental health, and that there was no evidence that it was not necessary for this purpose. See *Commonwealth* v. *Sholes*, 13 Allen, 554, 558; *Commonwealth* v. *Wood*, 11 Gray, 85, 92; *Commonwealth* v. *Thompson*, 108 Mass. 461, 463; *Commonwealth* v. *Leger*, 264 Mass. 217, 220; *State* v. *Rudman*, 126 Maine, 177.

For the purposes of this case at least, we may assume that, in general, a physician may lawfully procure the abortion of a patient if in good faith he believes it to be necessary to save her life or to prevent serious impairment of her health, mental or physical, and if his judgment corresponds with the general opinion of competent practitioners in the community in which he practises. In *Commonwealth* v. *Nason*, 252 Mass. 545, an instruction along these lines was held "sufficiently full and accurate to protect the rights of the defendants" (page 552). See *Commonwealth* v. *Corbett*, 307 Mass. 7, 11–12. Whether this is a complete and exact interpretation of our statute applicable in all cases need not now be decided. And we need not now decide technical questions as to the burden of proof, since the judge ruled that the burden was upon the Commonwealth to prove beyond a reasonable doubt that the abortion was unlawful.[1]

We are of opinion that the evidence warranted an affirmative finding that that burden had been sustained. There was, to be sure, much evidence that the defendant's wife had for many years suffered from neurosis verging upon psychosis, and that going through with her pregnancy would have involved a serious risk of mental breakdown, but there was also affirmative evidence that it would not produce that result. Moreover, it appeared that she had had successful pregnancies a number of years before without such

---

[1] For an excellent discussion of a similar statute, leading to a similar ruling, see the charge of Macnaghten, J., in *The King* v. *Bourne*, [1939] 1 K. B. 687.

consequences; that the defendant performed the abortion in his office without any previous professional consultation with any other physician, although good medical practice required that it be done in a hospital, where better precautions could be taken, and only after such consultation, and that a physician should not perform any abortion upon his own wife. See *Commonwealth* v. *Carter*, 306 Mass. 141, 147. There was evidence that the wife did not want to have the child, and that after the abortion, when it became necessary to have some curetting done at a hospital, the defendant did not inform the physician who did it that the wife had been aborted, although the circumstances were such that the defendant might be expected to have revealed that fact if his conscience had been clear. There was much evidence tending to show an unhappy condition in the defendant's family which might have been made worse by the advent of another child. The judge may have believed that this and not the wife's health was the real reason for the abortion. Or he may have believed that it was done merely because both husband and wife desired it. At any rate, the question of the unlawfulness of the defendant's act was one of fact for the judge. Affirmative findings were warranted that an abortion was unnecessary to preserve life or health, and that the defendant did not perform the abortion in good faith believing that it was necessary.

There was no error in refusing the request for a ruling that "An abortion is not unlawful if in the average judg' ment of the doctors in the community in which it is performed it is reasonably necessary to preserve the life or health, including mental health, of the person upon whom it is performed." Rulings were given that an abortion is not unlawful if performed to save life or health, including mental health, and if performed upon the best judgment of the doctor performing it, if his judgment corresponds with that of the average of the doctors in the community. The defendant had the benefit of as much as was held sufficient to protect the rights of the defendant in *Commonwealth* v. *Nason*, 252 Mass. 545, 551–552. The instruction refused entirely omitted all reference to the good faith and honest

belief of the doctor actually performing the operation. *Commonwealth* v. *Brown,* 121 Mass. 69, 77, 82.

There was no error in admitting evidence of the accepted medical practice as to consultation before performing an abortion and as to the proper place for performing one. This evidence bore upon criminal intent of the defendant. See *Commonwealth* v. *Carter,* 306 Mass. 141, 147–148.

*Judgment affirmed.*