COMMONWEALTH *vs.* LOUIS L. HOFF
(and a companion case [1]).

Hampden.    February 1, 1944. — February 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Evidence,* Admissions and confessions, Dying declaration.  *Practice,*
*Criminal,* Preliminary question.  *Abortion.  Accessory and Principal.*

Evidence, that a statement accusing one of a crime was made in his
presence while he was not under arrest and that he did not then deny
its truth, was admissible against him at a subsequent trial for the
crime, irrespective of whether the statement was made upon the per-
sonal knowledge of the person making it.

Evidence warranted a finding, preliminary to the admission of a dying
declaration by a woman under G. L. (Ter. Ed.) c. 233, § 64, that
when she made the declaration she had abandoned hope of recovering
from the effects of an abortion and was certain of approaching death,
although there was also evidence that she had hope of recovery at
other times both before and after the declaration.

A finding that a defendant was an accessory before the fact to an abor-
tion was warranted by evidence that, upon the woman's becoming
pregnant by him, they "made arrangements"; that he gave her
money "to pay the doctor" in the same amount as he had paid to a doc-
tor performing an abortion for her on a previous occasion, and drove
her to the vicinity of the office of the same doctor; and that, the
doctor not then being there, another person on the next day drove
her to the doctor's office, where an abortion was performed.

Two INDICTMENTS, found and returned on May 6, 1942.

The cases were heard by *Brown, J.*   In this court they
were submitted on briefs.

*J. D. Ross & T. C. Maher,* for the defendant Hoff.

*C. R. Alberti,* District Attorney, *& A. W. Bettigole,*
Assistant District Attorney, for the Commonwealth.

No argument nor brief for the defendant Roberts.

WILKINS, J.   The defendant Hoff, a physician, was in-
dicted for having on February 13, 1942, unlawfully used a
certain instrument upon the body of Rita Goddu, with
intent to procure her miscarriage, in consequence whereof

---

[1] The companion case is Commonwealth *vs.* Armand Roberts.

she died. The defendant Roberts was indicted as an accessory before the fact. G. L. (Ter. Ed.) c. 272, § 19; G. L. (Ter. Ed.) c. 274, §§ 2, 3. The defendants waived jury trial, were tried before a judge under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, inclusive, were found guilty, and appealed.

1. The defendant Hoff assigns as error the denial of the following request for a ruling: "If any statement was made in the presence of the defendant charging, or tending to charge, the commission of the crime set forth in the indictment and such statement was obviously not made upon the personal knowledge of the person making such statement, such a statement would be hearsay, and the defendant was under no obligation to deny the truth thereof and no inference against the defendant may be drawn from his failure to deny." This request could not have been granted. There is no requirement in the law of evidence that statements made in the presence of a person not under arrest, to be admissible as evidence of admissions through failure to deny or by reason of an equivocal or evasive response, must have been made on the personal knowledge of the person uttering them. The grounds of the admissibility of such evidence have often been stated and include no such exception. *Commonwealth* v. *Kenney,* 12 Met. 235, 237. *Commonwealth* v. *Brown,* 121 Mass. 69, 80. *Warner* v. *Fuller,* 245 Mass. 520, 528. *Commonwealth* v. *Hamel,* 264 Mass. 564, 569. *Commonwealth* v. *Hebert,* 264 Mass. 571, 578. See *Commonwealth* v. *Helfman,* 258 Mass. 410, 414–415.

2. The defendant Hoff's remaining assignments of error not expressly waived concern testimony of Rita Goddu's mother as to a statement by her daughter admitted as a dying declaration under G. L. (Ter. Ed.) c. 233, § 64, and the denial of requests for rulings respecting the same. It is contended that the statement did not constitute a dying declaration, because a finding was not warranted that at the time it was made Rita Goddu had abandoned all hope of recovery. The testimony was to the effect that on March 3, while the mother was at the hospital, the daughter "said she was going to die anyway and she was awful sick. . . .

she said she was going to die and she wasn't coming home any more. . . . She told me the Holyoke police had been up to see her and they told her she was going to die anyway and she might as well tell everything. . . . so she told them Doctor Hoff operated on her and Armand Roberts had brought her up there. . . . [She] said he brought her up to Holyoke and she went up to Dr. Hoff and he operated on her." On cross-examination the mother testified that on March 5 her son, at that time living in Florida, called on the daughter, and in order to cheer her up said that when she got better he would take her to Florida, to which the daughter replied that "she would try and get better." Rita Goddu died on March 8. We are of opinion that the testimony was admissible. Where, as here, all the evidence is reported, the preliminary finding of the judge may be reviewed. *Hasey* v. *Boston*, 228 Mass. 516, 517. But the judge's findings as to the preliminary facts will not be reversed "unless they are unjustifiable or involve some error of law. . . . the action of the trial judge rests upon circumstances which cannot be reflected with reasonable precision upon the printed page." *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 106–107. In our opinion, the judge could have found that at the time of her talk with her mother Rita Goddu was certain of approaching death. *Commonwealth* v. *Bishop*, 165 Mass. 148, 152. *Commonwealth* v. *Polian*, 288 Mass. 494, 498. Admissibility is not affected by the fact that on a later occasion or occasions the declarant may have had some hope of recovery. *People* v. *Hoffman*, 195 Cal. 295, 308. *State* v. *Baxter*, 344 Mo. 1034, 1040. *State* v. *Bright*, 215 N. C. 537, 540. Wigmore on Evidence (3d ed.) § 1439. Since the judge sitting without a jury also had the duty of determining on all the evidence the guilt or innocence of the defendants, the defendant Hoff at the close of the evidence properly presented requests seeking anew to have the dying declaration disregarded. See *Commonwealth* v. *Polian*, 288 Mass. 494, 498. It is contended that the judge did not properly instruct himself on all the evidence as to whether at the time of the statement Rita Goddu had abandoned all hope of recovery. It was undoubtedly

the duty of the judge on proper request to lay down the rules for his own guidance, and to follow those rules in making his findings. *Castano* v. *Leone,* 278 Mass. 429, 431. *Ashapa* v. *Reed,* 280 Mass. 514, 516. *Codman* v. *Beane,* 312 Mass. 570, 574. Attention is called to the testimony of other witnesses tending to show that on other occasions between March 2 and March 8, one of which was on March 3, the deceased had hope of recovery. Stress is also laid on the fact that members of the Holyoke police who had interviewed her did not testify to any such conversation, and, in fact, gave no testimony of any dying declaration whatsoever, although they tried to get one. Mrs. Goddu's testimony, as a whole, it is argued, does not permit such a conclusion. An issue of fact was thus presented. A plausible inference could have been that Rita Goddu made the same statements to the police concerning her condition and the reasons for it, but did not tell them, as she did her mother, that she was going to die. We are of opinion that there was no error in the refusal of the judge to instruct himself on all the evidence that at the time of the statement to her mother Rita Goddu had not abandoned all hope of recovery. *Commonwealth* v. *Cooper,* 5 Allen, 495, 497. *Commonwealth* v. *Vona,* 250 Mass. 509, 511. *Commonwealth* v. *Hebert,* 264 Mass. 571, 577.

3. The defendant Roberts assigns as error the failure to give three requests for rulings in substance to the effect that the evidence was insufficient to warrant a finding of guilty and that as a matter of law the prosecution had failed to prove that the defendant was guilty as an accessory before the fact. These requests were rightly refused. In a statement to the police the defendant Roberts admitted that he had immoral relations with Rita Goddu beginning in 1938; that in 1939 she became pregnant, and he went to the office of the defendant Hoff, inquired as to the cost of performing an abortion, and was told $100, a figure later reduced to $50; that he brought her to the defendant Hoff's office and in half an hour she returned and told him that Dr. Hoff had taken care of her; that in November, 1941, he got Miss Goddu into trouble again

and another abortion was decided upon, "So they made arrangements"; that on February 12, 1942, he drove her from Chicopee to the vicinity of Dr. Hoff's office in Holyoke and gave her $50 with which to pay the doctor; that she left the automobile and went to the defendant Hoff's office; that a short while later she told him the doctor was not in; that the next day she went to Holyoke and had the abortion performed by Dr. Hoff. A friend of Rita Goddu testified that on February 13 he drove her to the defendant Hoff's office; that she got out and walked toward the office; that she returned from the direction of the office in about twenty minutes, and he started to drive her home; that on the way he bought her a pint of brandy at her request, and stopped at a dry goods store, where she purchased a box which could have been inferred to contain sanitary napkins; and that after she left the automobile he noticed a wet spot on the cushion of the seat where she had been sitting. On March 3 the defendant Roberts, who was not under arrest, was taken to Miss Goddu's room in the hospital. He went to her bedside and kissed her. She was asked if he were the man responsible for her trouble, and if he were the man who gave her the money. She answered, "Yes." The defendant Roberts made no denial. There also was the testimony of the dying declaration, discussed above in connection with the defendant Hoff's assignments of error. The proof was ample that Rita Goddu died of acute peritonitis resulting from a pregnancy artificially terminated by the insertion of an instrument. On this evidence the defendant Roberts could be found guilty as an accessory before the fact to an abortion performed by the defendant Hoff. *Commonwealth* v. *Thompson*, 108 Mass. 461, 463–464. *Commonwealth* v. *Drake*, 124 Mass. 21, 25. *Commonwealth* v. *Adams*, 127 Mass. 15, 18. *Commonwealth* v. *Donoghue*, 266 Mass. 391, 399–401.

4. The defendant Roberts also assigns as error the refusal of three other requests for rulings. One request was based on the premise that if this defendant should be found to have driven the deceased to Holyoke on February 12, such evidence would be insufficient to warrant a finding of guilty.

Another was based on the premise that if this defendant should. be found to have given the deceased $50, he could not be found guilty because there was no proof that he knew the purpose for which the deceased received the money. The third was in general terms, but is described in the assignment of errors as based on the two facts expressly covered by the other two requests separately. It was not error to deny these requests. *Commonwealth* v. *Thompson*, 108 Mass. 461, 463–464. *Commonwealth* v. *Donoghue*, 266 Mass. 391. In the present case, moreover, there was express evidence as to the purpose of paying the money. One of the police officers testified that the defendant Roberts admitted to him that "He had given her $50 the night before [February 12] to pay the doctor." Each of these requests could also have been denied on the ground that it covered only a fragment of the evidence. *Commonwealth* v. *Polian*, 288 Mass. 494, 500.

In each case let the entry be

*Judgment affirmed.*