COMMONWEALTH *vs.* PIERRE V. BRUNELLE.

Middlesex.    December 5, 1960. — January 26, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Abortion. Evidence,* Presumptions and burden of proof, Relevancy and materiality. *Words,* "Unlawfully."

Upon an indictment of a doctor charging that he "unlawfully" used an instrument upon the body of a woman with intent to procure her miscarriage, the Commonwealth had the burden of proving not only that he used the instrument upon her body with that intent but also either that he did not have an honest belief in the necessity of the abortion for the purpose of saving her life or of preventing serious impairment of her health or that such a belief on his part would not correspond with the general opinion of competent doctors in the community. [677–678]

Evidence of the circumstances in which a doctor, not the regular physician of a divorced woman, was called by her for "special services" and used an instrument on her body with intent to procure a miscarriage,

———

for which she paid him a large fee, warranted findings that he so acted for the purpose of earning the fee and not because of any consideration of the state of her health and that he was guilty of a violation of G. L. c. 272, § 19.  [678]

At the trial of an indictment against a doctor for unlawfully using an instrument on the body of a woman with intent to procure her miscarriage in violation of G. L. c. 272, § 19, there was no error in the exclusion of evidence offered by the defendant to show that she was a chronic alcoholic where it did not appear that such use of liquor by her created a danger to her in connection with her pregnancy; and, on the record, there was no error in the exclusion of a question asked a witness for the Commonwealth on cross-examination whether at the time of the alleged crime she was in such physical condition "that a pregnancy would be of any danger to her."  [678–679]

INDICTMENT found and returned on March 9, 1960.

The case was tried in the Superior Court before *Nagle, J.*

*James D. St. Clair,* for the defendant.

*Richard S. Kelley,* Assistant District Attorney, (*Robert M. Sriberg,* Special Assistant District Attorney, with him,) for the Commonwealth.

WILLIAMS, J.   The defendant was found guilty by a jury on an indictment which charged that on February 10, 1960, at Medford, he, with intent to procure the miscarriage of Margaret L. Calder, unlawfully used a certain instrument upon her body.   The indictment was in the language of the statute, G. L. c. 272, § 19, and in the form provided by G. L. c. 277, § 79.   Sentence was imposed and the defendant appealed in accordance with the provisions of G. L. c. 278, §§ 33A–33G.   Of his five assignments of error he has argued those numbered 1, 2, and 5.   Assignments 1 and 2 are to the exclusion of questions by the defendant to witnesses of the Commonwealth in cross-examination, and assignment 5 is to the denial of the defendant's motion for a directed verdict.

There was evidence that Mrs. Calder was a divorced woman, with two children, living in Medford.   The defendant was a doctor with an office in Lowell.   Mrs. Calder's family physician was a Dr. Mills whom she had consulted regularly from November 16, 1958, to and including February 9, 1960.   She had known the defendant socially for four

or five years.   On or about February 3, 1960, she called him on the telephone and told him that she needed him "for some special services."   She called him thereafter several times and made an appointment for him to come to her home on February 10.   He arrived at about noon, bringing with him two bags containing instruments and a sterilizer. He asked her how she was feeling and she said "fine."   He took her blood pressure, examined her heart, and went with her to a bedroom, where he inserted in her "vaginal area" "some metal rods, or things," a tube and some gauze bandage.   He had told her that his fee would be $300 and she paid him this sum in cash.

The defendant concedes for purposes of his appeal that there "was ample evidence which would warrant the jury in finding that the defendant used an instrument with intent to procure the miscarriage of Mrs. Calder" but contends that the evidence was insufficient to warrant a finding that the defendant used the instrument unlawfully.

We have held that a physician is justified in effecting an abortion where he has exercised his skill and judgment in the honest belief that his acts were necessary to save the woman from great peril to her life or health (*Commonwealth* v. *Brown,* 121 Mass. 69, 76–77) provided that his judgment corresponds "with the average judgment of the doctors in the community in which he practises." *Commonwealth* v. *Nason,* 252 Mass. 545, 551.   See *Commonwealth* v. *Corbett,* 307 Mass. 7, 11–12.   It was said in *Commonwealth* v. *Wheeler,* 315 Mass. 394, 395, "For the purposes of this case at least, we may assume that, in general, a physician may lawfully procure the abortion of a patient if in good faith he believes it to be necessary to save her life or to prevent serious impairment of her health, mental or physical, and if his judgment corresponds with the general opinion of competent practitioners in the community in which he practises."

The Commonwealth had the burden of proving beyond a reasonable doubt the material averments of the indictment, one of which was that the defendant used the instrument

"unlawfully." *Commonwealth* v. *Wood*, 11 Gray, 85. *Commonwealth* v. *Sholes*, 13 Allen, 554, 558. *Commonwealth* v. *Thompson*, 108 Mass. 461. *Commonwealth* v. *Brown*, 121 Mass. 69, 76, 81. *Commonwealth* v. *Stone*, 300 Mass. 160, 166. See *Commonwealth* v. *Wheeler*, 315 Mass. 394. This allegation negatived and precluded "any inference or possibility that the act was done by a surgeon for the purpose of saving the life of the woman, or under any other circumstances which would furnish a lawful justification." *Commonwealth* v. *Sholes*, 13 Allen, 554, 558. It required the Commonwealth not only to prove the facts of the abortion but also to disprove either an honest belief on the part of the defendant that he acted to preserve the life or health of the woman or that his judgment conformed to that of competent fellow practitioners.

Where the defendant is not a physician the mere proof of his act ordinarily would be sufficient to establish its unlawfulness (see *Commonwealth* v. *Polian*, 288 Mass. 494; *Commonwealth* v. *Dawn*, 302 Mass. 255; *Commonwealth* v. *Viera*, 329 Mass. 470; *Commonwealth* v. *Goldenberg*, 338 Mass. 377) but in the case of a licensed physician the proof of these negatives would depend on the circumstances in which the abortion was performed. See *Commonwealth* v. *Morris*, 264 Mass. 314; *Commonwealth* v. *Donoghue*, 266 Mass. 391; *Commonwealth* v. *Hoyt*, 279 Mass. 400; *Commonwealth* v. *Cheng*, 310 Mass. 293; *Commonwealth* v. *Hoff*, 315 Mass. 551.

In the present case it could be found from the circumstances attending the abortion that the defendant was not influenced by the condition of the woman's health; that he gave no thought to the judgment of his fellow practitioners; and that he acted from the "sordid motive" of earning a large fee. *Commonwealth* v. *Brown*, 121 Mass. 69, 77, 82. There was no error in denying the motion for a directed verdict.

The defendant's first assignment of error was to the exclusion of a question on cross-examination to Mrs. Calder who had been called as a witness by the Commonwealth.

She was asked if she had been under treatment by Dr. Mills for some time and answered "Yes . . . for over a year." She was then asked, "And you have been under treatment with him for what condition?" On objection the question was excluded, subject to the defendant's exception. Counsel conferred with the judge to whom it was stated that the purpose of the question was to show that Mrs. Calder was a chronic alcoholic. There was no error in its exclusion. It did not appear that her habits as to intoxicating liquor would result in any danger in connection with her pregnancy.

The second assignment was to the exclusion of a question in cross-examination to Dr. Mills who had testified for the Commonwealth. After an inquiry to the doctor as to the medication which he had given to Mrs. Calder, he was asked, "In your opinion, doctor, was she in sufficiently good physical condition so that a pregnancy would be of any danger to her as of February 9?" Assuming, as we think the examiner must have intended, that the question be interpreted to mean "Was she in such physical condition that a pregnancy would be of any danger to her on February 9?" an affirmative answer would not have sufficed to warrant a finding of justification. There was no evidence that the defendant believed in the existence of such danger, and no intimation to the judge that evidence of belief would be presented. There was no error in excluding the question.

*Judgment affirmed.*