BENEDICT KUDISH *vs.* BOARD OF REGISTRATION IN
MEDICINE.

Suffolk.    April 9, 1969. — June 2, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Doctor. Abortion. Constitutional Law,* Due process of law, Who may
question constitutionality. *Words,* "Unlawfully."

Use of the undefined word "unlawfully" in G. L. c. 272, § 19, dealing
with abortions does not render § 19 unconstitutionally vague. [99]
Upon a petition to review a decision by the Board of Registration in
Medicine revoking the petitioner's registration as a physician, where
it appeared that at the hearing before the board evidence of pleas of
guilty by the petitioner in court to charges of performing an abortion
in violation of G. L. c. 272, § 19, had been admitted without objection
and that the petitioner had presented no facts to refute applicable
grounds for revocation of registration set forth in c. 112, § 61, or to
show that he had lawfully performed the abortion, it was held that
the petitioner had no standing to raise the question of the constitution-
ality of one of the requirements of a lawful abortion, and that the pleas
of guilty justified the board's decision. [100]

PETITION for review filed in the Superior Court on June 14,
1968.

The case was heard by *Hudson,* J.

*Henry H. Silverman* for the petitioner.

*Edward W. Hanley, III,* Assistant Attorney General, for
the respondent.

WILKINS, C.J.    This petition is to review a decision of the
respondent board of registration in medicine which revoked
the petitioner's registration as a physician.    In the Superior
Court a final decree affirmed the board's decision.    The pe-
titioner appealed.

At the hearing before the board there was evidence (1) that
the petitioner had pleaded guilty in the Superior Court to
two counts in the form provided in G. L. c. 277, § 79, charg-

ing him with performing an abortion (G. L. c. 272, § 19)[1], and (2) that he was placed on probation for three years. No objection was made to the admissibility of this evidence.

The petitioner, after his admission of violation of § 19, made no effort to present facts which might avoid his being adjudged "guilty of deceit, malpractice, gross misconduct in the practise of his profession, or of any offence against the laws of the commonwealth relating thereto," all of which are grounds for revocation of his license. G. L. c. 112, § 61 (as amended through St. 1963, c. 241, §§ 2, 3). The petitioner instead chose to rest his case upon the chance of successfully challenging the validity of § 19.

Before us the petitioner argues that the use of the word "unlawfully" renders § 19 unconstitutionally vague, because there is no definition of what is unlawful. He cites no authority which supports this contention. The broad contention that the statute is void for vagueness lacks support in the authorities. See, for example, *Commonwealth* v. *Daniel O'Connell's Sons, Inc.* 281 Mass. 402; *Commonwealth* v. *Carpenter*, 325 Mass. 519; *Alegata* v. *Commonwealth*, 353 Mass. 287; *Connally* v. *General Constr. Co.* 269 U. S. 385; *Lanzetta* v. *New Jersey*, 306 U. S. 451; *Thornhill* v. *Alabama*, 310 U. S. 88; Note, Due Process Requirements of Definiteness in Statutes, 62 Harv. L. Rev. 77; Comment, Legislation — Requirement of Definiteness in Statutory Standards, 53 Mich. L. Rev. 264; Collings, Unconstitutional Uncertainty — An Appraisal, 40 Cornell L. Q. 195; Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U. of Pa. L. Rev. 67.

We are of opinion that any uncertainty has been made sufficiently definite by decisions of this court. In our cases it has been stated over the years that a physician may lawfully perform an abortion if he acts in good faith and in an honest belief that it is necessary for the preservation of

---

[1] Section 19 provides: "Whoever, with intent to procure the miscarriage of a woman, unlawfully administers to her, or advises or prescribes for her, or causes any poison, drug, medicine or other noxious thing to be taken by her or, with the like intent, unlawfully uses any instrument or other means whatever, or, with like intent, aids or assists therein, shall . . ." be punished.

the life or health of the woman. *Commonwealth* v. *Sholes,* 13 Allen, 544, 558. *Commonwealth* v. *Brown,* 121 Mass. 69, 76–77, 82. *Commonwealth* v. *Nason,* 252 Mass. 545, 551. *Commonwealth* v. *Corbett,* 307 Mass. 7, 12. *Commonwealth* v. *Wheeler,* 315 Mass. 394, 395. *Commonwealth* v. *Brunelle,* 341 Mass. 675, 677–678.

As another indication of vagueness as well as a violation of the due process and the equal protection clauses, the petitioner refers to the requirement introduced in *Commonwealth* v. *Nason, supra,* that the doctor's judgment correspond "with the average judgment of the doctors in the community in which he practises." *Commonwealth* v. *Wheeler, supra. Commonwealth* v. *Brunelle, supra.* Compare *Brune* v. *Belinkoff,* 354 Mass. 102. The petitioner has demonstrated neither the existence of any peril to the woman nor his good faith in performing the abortion, both of which are fundamental to exoneration. *Commonwealth* v. *Brown, supra. Commonwealth* v. *Wheeler, supra,* 396–397. Therefore, he is unaffected by any defect in the *Nason* test and has no standing to raise any question concerning it. *Massachusetts Commn. Against Discrimination* v. *Colangelo,* 344 Mass. 387, 390. *Peterson, petitioner,* 354 Mass. 110, 114.

The pleas of guilty were enough to justify the decision of the board.

*Decree affirmed.*