**Lucy JEDRZEJEWSKI et al.**

v.

**Steven A. MINTER et al.**

**Civ. A. No. 71-2392-C.**

United States District Court,
D. Massachusetts.

Nov. 17, 1971.

William P. Fitzgerald, Holyoke, Mass., for plaintiff.

James P. Kiernan, Asst. Atty. Gen., Boston, Mass., for defendant.

Before ALDRICH, Circuit Judge, CAFFREY and MURRAY, District Judges.

## OPINION

CAFFREY, District Judge.

This is a civil action for declaratory and injunctive relief under 28 U.S.C.A. §§ 2201, 2202. Jurisdiction is invoked under 42 U.S.C.A. § 1983 and 28 U.S.C.A. §§ 1331, 1343. The parties stipulated that plaintiff is a twenty-year old emancipated single female who resides in Holyoke, Hampden County, Massachusetts, that she is a recipient of benefits from the Massachusetts Department of Public Welfare under the Aid to Families with Dependent Children program, and is completely dependent upon this program for payment of all of her medical bills. Respondent is the Commissioner of Welfare and administers the Medical Care and Assistance Program, under Mass. Gen.L., c. 118E, which program is partially funded by federal funds.

The plaintiff learned, on or about October 14, 1971, that she was pregnant for the second time. It is further stipulated that plaintiff learned about October 18 that her doctors were of opinion that an abortion was necessary to prevent serious impairment of her mental and physical health. On October 21, 1971, plaintiff requested respondent that the Department pay for an abortion. The Department refused, and on October 26 plaintiff was notified that the Department's position was and is that therapeutic abortion is not within the scope of services listed in Fee Schedule XI, Plan B, Blue Shield Fee Schedule, and that payments cannot be approved for

services not within the Medical Care Plan.

A single judge of this court, after hearing, denied plaintiff's motion for a temporary restraining order and thereafter a three-judge court was convened on the basis of allegations in the complaint that policies of the respondent and the Department, which policies were of statewide application, operated to deny plaintiff of various claimed rights protected by the First, Fourth, Fifth and Ninth Amendments to the United States Constitution.

The matter next came on for hearing before the statutory three-judge court. The plaintiff called as her witnesses Dr. Walter Tauber and Dr. Theodore Clark. The respondent called as his witness Dr. Robert E. Arnot.

After hearing, this court finds that plaintiff, who has one child aged one and one-half years, was referred to Dr. Tauber, whose specialty is Obstetrics and Gynecology, by an internist, Dr. Shayvitz. On October 14, 1971, Dr. Tauber confirmed the tentative diagnosis of Dr. Shayvitz that plaintiff was again pregnant. His examination established that she was about three months pregnant. Dr. Tauber recommended an abortion because of her distraught condition and referred her to a psychiatrist, Dr. Clark, for an examination to determine if her mental and emotional condition warranted a therapeutic abortion. On October 19, 1971, Dr. Clark sent the following report to Dr. Tauber:

"Lucy Jedrzejewski is a twenty-year-old single girl with her one-and-one-half-year-old child. She states she is ten weeks pregnant, on welfare, and 'is a nervous wreck.'

"The patient describes being panicky, wishing she were dead, run-down and short with her child.

"She does indeed seem distraught. She had her little son with her, and she was indeed completely exasperated by this howling, tearful child. Patient cannot turn to her family which she left at a young age 'because she could

not get along with them.' Marriage is out.

*Diagnosis:* Depressive Reaction of Early Pregnancy in an impossible social situation.

*Prognosis:* Continuation of pregnancy will indeed seriously impair the mental health of the patient.

*Disposition:* I would recommend a therapeutic abortion and follow-up treatment at this office if necessary."

■ Before this court reaches any of the constitutional questions raised by plaintiff's complaint it, of course, must be satisfied that the actual facts of this case are as alleged in the complaint. Crucial to reaching the constitutional issues is a factual determination as to whether or not plaintiff's physical condition is such as to make an abortion reasonably necessary to preserve her life or health, including mental health.

■ At the hearing, Dr. Tauber, plaintiff's obstetrician conceded, in substance, that her physical, as distinguished from mental health, did not require termination of her pregnancy. Thus, the factual issue to be resolved by this court reduces itself to the question of whether or not the state of plaintiff's mental health made termination of the pregnancy reasonably necessary to preserve her mental health. Dr. Clark, the psychiatrist, testified at the hearing that he had seen plaintiff only once, for a period of twenty minutes, during which time her one and one-half year old child was present, "howling and tearful." At no point in his testimony, or in his written report to Dr. Tauber, did Dr. Clark express the opinion that termination of the pregnancy was required as a matter of reasonable medical certainty. Nor did he at any time express the opinion that an abortion was the only available remedy for whatever emotional or mental problems were currently besetting plaintiff. Dr. Clark did not elicit any history of suicide in plaintiff's family background. All he could say about the family background was that her mother was "nervous," that plaintiff was afraid of

her father, and that the same man had caused both pregnancies.

In Commonwealth v. Wheeler, 315 Mass. 394, 53 N.E.2d 4 (1944), the Supreme Judicial Court has ruled that therapeutic abortions, necessary to preserve the life or health, including mental health, of a woman, are excepted from the scope of Mass.G.L. c. 272, sec. 19, which proscribes the procuring of miscarriages. Whatever might be the effect of Dr. Clark's testimony if plaintiff were merely seeking to establish a reasonable doubt in our minds, her burden here is the affirmative one of proving the necessity of the proposed abortion. In our opinion the plaintiff's evidence, including the testimony of Dr. Clark, has failed to sustain this burden.

We can understand why Dr. Clark chose to cut short the interview, particularly with the child present. We can understand, too, why he might have preferred not to subject the plaintiff to the possible unpleasantness of a further interview. However, the plaintiff is the party seeking relief. The doctor's testimony was far from strong. In the light of his reservations and lack of positiveness we feel that something more could, and therefore should, have been done— whether a further interview; whether, if that was thought undesirable to produce her for cross-examination, to tender her to the Commonwealth for expert evaluation, we need not determine. We can only say that we are not persuaded, to a fair preponderance of the evidence, that an abortion is necessary for the plaintiff's physical or mental health.

Consequently, we do not reach the constitutional questions and, accordingly, the application for a preliminary injunction is denied.

In view of our finding that plaintiff has failed to sustain her burden of proving that a therapeutic abortion is involved herein, she is not entitled to the allowance of any of the alternative prayers for relief. Thus, there remains no issue to be decided in this case, either by a three-judge court or by a single judge. *Sua sponte*, the court orders that the case be dismissed.