Territory v. Harrington, 17 N. M. 62.

[No. 1439, February 6, 1912.]

# THE TERRITORY OF NEW MEXICO, Appellee, v. J. L. HARRINGTON, Appellant.

### SYLLABUS (BY THE COURT).

1. A count of an indictment is not double which charges several different acts, set forth in a section of the statute, as constituting an offense, provided, such acts are not repugnant.

2. The District Court has jurisdiction in larceny cases, even though the original taking occurred within an Indian reservation, where the cattle were driven from the reservation into the jurisdiction of the District Court, so long as the felonious intent continued.

3. The brand law does not require that ownership must be proven by the brand alone, but ownership may be proven by flesh marks or other proper evidence, as if no brand law existed.

4. Statements made in the presence of a defendant of sufficient importance to call for affirmance or denial, may be presumed to have been acquiesced in by him by virtue of his silence.

5. If counsel fail to ask for an instruction which they think should be given, the failure of the Court to give such instruction cannot be taken advantage of on appeal.

Appeal from the District Court of McKinley County before Ira A. Abbott. Affirmed.

E. L. Medler and Felix H. Lester, for Appellants.

Indictment bad for duplicity. Wilburn v. Territory, 10 N. M. 402; Territory v. Cortez, 103 Pac. (264; 1st Bishop New Crim. Pro. Secs. 432, 442, 478, 480; U. S. v. Norton, 188 Fed. Rep. 259.

Motion to require plaintiff to elect should have been sustained. Bishop's New Crim. Pro. Vol. 1, sec. 462; Vol. 22 Cyc., pp. 404, 405, 408; Pointer v. U. S., 151 U. S. 396; State v. Gaunts, 60 Kas. 660; State v. Crimmins, 31 Kas. 376.

United States Courts in Territories have exclusive jur-

isdiction over Indian Reservations, U. S. v. Monte, 3 N. M., 173; Herd v. U. S. 75 Pac. 293; Ex parte Crow Dog, 109 U. S. 556; U. S. v. McBratney, 104 U. S. 621; In re Ingram, 60 Pac. 869; U. S. v. Bridleman, 7 Fed. Rep. 894; Ter. v. Hale, 13 N. M. 181.

In order to prove ownership of cattle by brands, it is necessary to show that the brand was recorded. Pryor v. Portsmouth Cattle Co. 6 N. M. 44; Ter. v. Smith, 12 N. M. 229.

Conversation should not have been admitted where it was not shown that defendant authorized his brother to make any such statement. People v. John McRea, 32 Cal. 98; State v. Epstein, 55 Atl. 205; Brown v. Commonwealth, 11 S. E. 799; Commonwealth v. Kennedy, 12 Metc. 235; White v. State, 85 S. W. 1140; State v. Ferline, 51 Atl. 204.

FRANK W. CLANCY, Attorney General, for the Territory.

Indictment is free from duplicity, Territory v. Eaton, 13 N. M., 80; Sec. 80, Comp. Laws 1897; 1st Bishop's New Crim. Proc. secs. 436 to 436; Byrne v. State, 12 Wis. 519; People v. Frank, 28 Cal. 513; Bradley v. State, 20 Fla. 738; U. S. v. Hall, 26 Fed. Cas. 15,282, p. 82; Fahnestock v. State, 102 Ind. 156; State v. Haskell, 76 Me. 399; Wingard v. State, 13 Ga. 397; Comm. v. Eaton, 13 Pick. 274; State v. Murphy, 47 Mo. 274; State v. Bregard, 76 M. 322; Bork v. State, 91 N. Y. 513; Wilcox v. State, 3 Heisk. 110; State v. Falk, 66 Conn. 250; People v. Hatter, 22 N. Y. Supp. 688; State v. Dean, 44 Iowa, 23; State v. Phipps, 95 Iowa, 492; Territory v. McGrath, 114 Pac. 364; Territory v. Eaton, 13 N. M., 79.

No error in ruling of the Court below. Connors v. U. S., 158 U. S. 411; 1 Bishop Crim. Law, sec. 140; Barclay v. U. S., 11 Okl. 508.

Ownership of property sufficiently proven. Territory v. Valles, 15 N. M., 230.

It is well settled in this court that where there was no obtion or exception to the admission of a conversation in the court below that such an objection raised in this court for the first time cannot be considered. Territory v. O'Don-

nell, 4 N. M. 209; U. S. v. De Amador, 6 N. M., 173; Territory v. Gonzales, 11 N. M., 326; Territory v. Watson, 12 N. M. 421; Territory v. Caldwell, 14 N. M. 543.

## STATEMENT OF FACTS.

The defendant and appellant, J. L. Harrington, was indicted at the May, 1910, term of the District Court for McKinley County. The indictment, omitting the formal part, is as follows: * * * * "that J. L. Harrington, late of the County of McKinley, Territory of New Mexico, on the first day of March in the year of our Lord 1910, at the County of McKinley aforesaid, did, four cows and one steer, of the value of one hundred dollars, of the property of Ky-Oto-Nee-To, a Navajo Indian, unlawfully, feloniously, and knowingly, steal, kill, sell and drive away, contrary," etc. The defendant was duly tried and found guilty being sentenced to two years in the penitentiary and to pay a fine of $500. An appeal was taken to this Court.

## OPINION OF THE COURT.

HANNA, J—It is assigned as error that the indictment is bad for duplicity. This indictment was drawn under Sec. 79 of the Compiled Laws of 1897, which makes it a felony for any person to "steal, embezzle, or knowingly kill, sell, drive, lead or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine or ass."

We see no error in the manner in which this indictment charges the offense. Some single offenses are of a nature to be committed by many means, in one or another of several varying or different ways, and in a case of this character we do not believe that a count is necessarily double which charges several of the different means in which such an offense can be committed, provided such means are not repugnant.

Bishop's New Crim. Pro., Vol. 1 (Fourth Ed.) Sec. 434.

The territorial Supreme Court passed upon this question in the case of Territory vs. Eaton, 13 N. M. 80, in which case the indictment was approved, the same being

similar in form to the one here questioned, and both indictments were based upon the same statute.

We are of the opinion that an indictment based upon a statute, making punishable the doing of one thing or another, may allege in a single count that the defendant did as many of the forbidden things as the pleader elects to specify, provided that the conjunction "and" is used where the statute has "or," and such count will not be double and may be established at the trial by proof of any one of them.

Bishop's New Criminal Pro., Vol. 1, Sec. 436.

Territory v. McGrath, 114 Pac. 364 (N. Mex). 16 N. M. 202.

The second error assigned on behalf of appellant is that the Court erred in failing to sustain defendant's motion to require the plaintiff to elect upon which crime in the indictment it would go to trial. In view of our holding that no duplicity exists, as contended in the first assignment of error, there is no merit in this assignment of error.

The third assignment of error contended for by appellant is, that the District Court has no jurisdiction to try this case because the cattle alleged to have been stolen and driven away were at the time of the alleged offense on the Navajo Indian Rservation; that by reason of such fact this case should have been brought in the District Court for the Second Judicial District, sitting for the trial of causes and offenses arising under the laws of the United States. We are clearly of the opinion that the Court below took the proper view of this matter in holding that while the defendant might have been prosecuted under the United States Statutes, and in the Court having jurisdiction of offenses against the United States, yet when the defendant continued his driving of the cattle in the County of McKinley, after leaving the Indian reservation, he committed a complete offense against the Statute of New Mexico. We believe that no principle in the law of larceny is better established, as general doctrine, than that any physical removal of the

thing alleged to be stolen to which thing the remover had not the right of possession, is, where felonious intent exists, larceny.

We are clearly of the opinion that where the original taking of the thing, upon which the charge of larceny is predicated, was at a place without the jurisdiction of the trial court, but within the state, and the thing was brought into the county within its jurisdiction, the intent to seal continuing, the thief carrying away the goods becomes guilty of a complete larceny in every county or locality into which he takes them while his intent to steal continues.

Bishop's New Crim. Law, Vol. 2, Sec. 839.

Bishop's New Crim. Pro. Vol. 1, Sec. 59.

It is argued on behalf of appellant that the ownership of the cattle was not sufficiently or legally proven.

We do not agree with the contention of appellant that the only proper way to prove ownership of cattle in this State is by proof of a duly recorded brand. The Territorial Supreme Court has held that the brand law does not require that the ownership of an animal must be proven by the brand itself, but that ownership may be proven by flesh marks or any other proper evidence in the same way as if no brand law existed. Proof by brand, under our statute, is only an additional method of proving ownership and is especially applicable in the case of range animals.

Chaves v. Territory, 6 N. M. 455.

An examination of the record in this case discloses that the owner of the cattle testified that he owned four cows and one steer, describing them in detail as to color, spots, lack of horns, etc. Other witnesses described the cattle in a similar manner, all clearly showing that the cattle were identified not only by the unrecorded brand, but also by the description as to color, condition of horns and peculiar marking of the animals. It has been held by the Territorial Court that evidence of this kind is admissible for such purpose.

Territory v. Valles, 15 N. M. 230.

It is lastly urged on behalf of appellant that the Court erred in admitting the conversation between D. L. Harrington, a brother of appellant, and the owner of the cattle. In this conversation it appeared that the brother of the defendant offered to the owner of the cattle, six and then seven head of cattle to drop the prosecution against defendant, and it is contended on behalf of appellant that this was incompetent because it was not shown that the defendant heard and understood the conversation. We are of the opinion, however, that where a person is present at a conversation but takes no part in it, all that can possibly be shown to connect the latter with the conversation is that he was present and near enough to hear and understand what was said, and that was the condition in this case. It is true, as stated in appellant's brief, that the Court below excluded this conversation when it was first offered, and admitted it only when it was shown that the defendant was so close by that he could not have avoided hearing what was said and knowing part of the conversation, although it was in part carried on in Spanish through an interpreter. The witness, Fred Howard, testified that he acted as an interpreter, and talked to defendant's brother in English and to the owner of the cattle "in Mexican;" that defendant was just outside the door of the house walking to and fro, and that he got away from the others as he was walking only about four or five feet. Other evidence of a similar character is found upon examination of the record, and it appears that this conversation was admitted because the defendant was so close at hand that he must have known what was being said.

The record discloses that the statements of the brother of defendant were made to the interpreter in English, therefore the proposition which was the topic of the conversation, the admission of which is complained of, must have been understood by the defendant. In a matter of this importance we believe that the presence and silence of the defendant will justify the admission of the evidence referred to, and cures the same of the objection urged.

The vital part of this conversation was the proposition made by the brother of the defendant, in English, and in our opinion it is of little consequence or materiality whether or not the proposition was accepted or rejected, therefore, the objection to the admission of that portion of the conversation which was in Spanish, translated by the interpreter could not be prejudicial to the rights of defendant.

While the rule of evidence which allows the silence of a person to be construed as an admission of the truth of matters stated in his presence is to be applied with caution, being based upon an assumption that the party is at liberty to speak, and that the circumstances are such as to call upon him for reply, nevertheless, the presence of the defendant upon this occasion, and his silence in connecnection with the conversation shown to have had in his presence, may rightfully be held to indicate that he acquiesced in the proposition made by the brother, and we believe that he cannot now be heard to object to the admissibility of the evidence consisting of a reply in a language not understood by him, and of necessity interpreted.

It is contended that the Court should have instructed the jury that before they could consider the evidence of the conversation, they must believe that the defendant had authorized his brother to make the proposal, and that it was error for the Court to fail so to instruct them. An examination of the record discloses that no specific exception was taken upon such ground, nor does it appear that the counsel for the defendant asked for any instruction covering this point. It has been the long settled doctrine of the Territorial Supreme Court that such an objection raised here for the first time, cannot be considered. Territory v. O'Donnell, 4 N. M. 209; U. S. v. de Amador, 6 N. M. 173; Territory v. Gonzales, 11 N. M. 326-7; Territory v. Watson, 12 N. M. 421-2; Territory v. Caldwell, 14 N. M. 543.

There is no error in the judgment complained of and the same is therefore affirmed, and it is so ordered.