State v. Anderson, 24 N. M. 360.

[No. 2067, March 31, 1918.]
## STATE v. ANDERSON.

### SYLLABUS BY THE COURT.

1.    Propositions of law assigned, but not argued, are abandoned.                                                    P. 363

2.    Juror, who has opinion as to guilt or innocence of party on trial, is competent, where such opinion was formed from rumor, newspaper reports, or street talk, and he swears that he will lay it aside and determine case upon the law and the evidence.                                  P. 363

3.    It is for the trial court, in the exercise of sound discretion, to determine whether a juror possesses sufficient intelligence and understanding to properly discharge his duties, and its decision thereon will be reviewed only to determine whether it has abused such discretion.    P. 364

4.    Law with reference to confessions, as stated in State v. Ascarate, 21 N. M. 191, 153 Pac. 1036, followed.    P. 366

5.    As a general rule, in order to reserve an available objection to exclusion of evidence, proper question must be asked, and, on sustaining objection thereto, an offer must be made, showing what evidence will be given if witness is permitted to answer, the purpose and object of testimony sought to be introduced, and facts necessary to establish its admissibility.                                  P. 367

6.    Instructions examined, and held that court did not invade the province of the jury by commenting on weight of evidence.                                                  P. 368

Appeal from District Court, Quay County; Leib, Judge.

Robert Lee Anderson was convicted of voluntary manslaughter, and he appeals.    Affirmed.

W. L. MORRIS, of Albany, Tex., and H. H. McELROY, of Tucumcari, for appellant.

State v. Anderson, 24 N. M. 360.

Testimony of witness concerning alleged confession was improperly admitted.

Womack v. State, 16 Tex. Cr. App. 178; Rice v. State, 22 Tex. Cr. App. 654; Neely v. State, 27 Tex. Cr. App. 324; Searcy v. State, 13 S. W. 782; Adams v. State, 34 Tex. Sup. 526; Barnes v. State, 36 Tex. Sup. 356; Clayton v. State, 31 Tex. Cr. App. 489; Cannada v. State, 29 Tex. Cr. App. 537; Allen v. State, 12 Tex. Cr. App. 190; Sparks v. State, 34 Tex. Cr. App. 86; Grant v. State, 120 S. W. R. 481; Cook v. State, 22 S. W. R. 23; Ewing v. State, 16 S. W. R. 185; Floyd v. State, 35 S. W. R. 969; Kugart v. State, 44 S. W. R. 989; Turner v. State, 89 S. W. R. 975; Pocket v. State, 5 Tex. Cr. App. 552; Cain v. State, 18 Tex. Sup. 387; Speer v. State, 4 Tex. Cr. App. 474; Lauderdale v. State, 19 S. W. R. 679; Sowers v. State, 113 S. W. R. 148; Richardson v. State, 7 Tex. Cr. App. 486; Gallagher v. State, 24 S. W. R. 288; Jackson v. State, 16 S. W. R. 247; Territory v. Emelio, 89 Pac. 240 (N. M.); State v. Armijo, 135 Pac. 555 (N. M.); State v. Ascarate, 153 Pac. 1036 (N. M.).

It is a settled rule that the judge's mouth must be closed against any expression tending to show his opinion of the guilt of the accused and his conduct must not exhibit to the jury his opinion, nor his opinion as to the truth or falsity or weight of testimony, nor the credit to be given any witness.

Maleck v. State, 24 S. W. R. 417; Davis v. State, 33 Tex. Cr. App. 91; Bharr v. State, 7 Tex. Cr. App. 472; Babb v. State, 8 Tex. Cr. App. 173; Copency v. State, 10 Tex. Cr. App. 473; Moncallo v. State, 12 Tex. Cr. App. 171; State v. Chavez, 19 N. M., 575, 145 Pac. 250; Crook v. State, 11th S. W. R. 444.

C. A. HATCH, Assistant Attorney General, for the State.

Juror is qualified though he has an opinion, if he states he will put same aside and determine issues upon law and evidence.

Terr. v. Emilio, 14 N. M. 147; State v. Rodriguez, 167 Pac. 426.

Grounds of challenge to jury must be specific.

16 R. C. L. 289; 1 Thomp. Trials, 145; State v. Taylor, 134 Mo. 109, 35 S. W. 92; State v. Forsha, 88 S. W. 746.

There must be abuse of discretion in overruling challenge to juror before there is error.

16 R. C. L. 289.

Unless evidence erroneously admitted prejudiced defendant cause will not be reversed.

State v. Pruitt, 160 Pac. 362.

As to law of confessions, see:

Ammons v. State, 18 L. R. A. (N. S.) 769; State v. Emilio, 14 N. M. 156; State v. Armijo, 18 N. M. 262.

Regarding the assumption of immaterial facts by court, see:

12 Cyc. 601.

## OPINION OF THE COURT.

HANNA, C. J. The appellant, Robert Lee Anderson, was convicted of voluntary manslaughter in the district court of Quay county, and sentenced to ten years' imprisonment in the penitentiary. From such conviction and sentence, appellant has perfected this appeal.

As no statement of the facts of the case appears in the brief of appellant, the following statement, appearing in brief of the state, will be taken as true:

"The deceased, George A. Zant, together with his family, consisting of his wife, Bertie Zant and seven children, moved from Stephens county, Tex., to about three miles southeast of Tucumcari, N. M., in June, 1916. Robert Lee Anderson, the appellant, a brother of Mrs. Zant, widow of deceased, also came to New Mexico some time after the Zant family had moved, and made his home with the Zants. The evidence discloses that on the night of August 29, 1916, the Zant household all retired as usual. Mrs. Zant states that she occupied one bed, the baby sleeping with her; the deceased occupied another bed in the same room, and the little boy, Clifford Zant, slept with him. The defendant occupied a bed on the back porch. About 4:30 a. m. the following morning, Mrs. Zant was awakened by a

gunshot. She states she jumped right up, saw her husband was dead, and the bedclothes were on fire; they evidently having ignited from the gun shot. She immediately ran out of the room screaming and calling her brother, the defendant. She had to call him some two or three times before he would get up. Finally he arose and went in and put out the fire. It developed the deceased had been shot in the back of the head, evidently with his own gun, which had been standing in the corner of another room the night before. At the coroner's inquest it was determined that the deceased had met his death by his own hand. About the 8th or 9th of September, the witness, Harry Herron, was sent by the brother of the deceased, to Quay county, for the purpose of investigating the death of the deceased. In a conversation had with appellant, the latter admitted or confessed that he killed George A. Zant. Upon this confession being made, Herron telephoned the sheriff of Quay county, who came out to the farm. The defendant again admitted his guilt, and was therupon taken to Tucumcari by the sheriff. At Tucumcari, a written statement was prepared and signed by the appellant, wherein he again confessed that he killed the deceased, giving as his reason a quarrel that had occurred between deceased and appellant some two or three years before."

[1] Prospositions Nos. 23 and 24, in brief of appellant, are not argued, and consequently are abandoned and waived. This rule has so often been announced by us that citation of authority thereon is unnecessary.

[2] The first and fourth propositions urged by appellant go to the action of the trial court in refusing to sustain his challenge for cause in two instances. One juror stated in his voir dire that he had heard and read about the case and formed an opinion thereon, but that he would lay the same aside and try the appellant solely on the law and the evidence. The other stated that he had formed an opinion from "street talk" which he had heard, but that he would lay aside that opinion and try the case solely on the law and evidence, giving to appellant the full benefit of the law of reasonable doubt. In Territory v. Emilio, 14 N. M. 147, 89 Pac. 239, it was held that, where juror had an opinion as to defendant's guilt, formed from public rumor as to what facts in case purported to be, but that he could lay aside that opinion and try defendant on the law and evidence of

the case, he was a competent juror.  In State v. Rodriguez, 23 N. M. 156, 167 Pac. 426, L. R. A. 1918A, 1016, we held that a juror was conpetent to sit in case, where he had formed opinion from reading newspaper articles, he having stated that he would lay such opinion aside and try appellant solely on the law and evidence.  The rule announced in those cases is decisive of the question presented here.

[3]  Appellant contends that the trial court erred in refusing to sustain his challenge for cause to the juror Felipe Cordova, because he did not possess sufficient intelligence to properly sit in the case, and because he stated he would not give the appellant the benefit of the presumption of innocence.  Three simple questions were first asked this juror, and he made proper and intelligent answers thereto.  He was then asked if he would return a verdict on the court's instructions and the evidence, and he answered "No."  An improper answer having been given to another question propounded to him, he was then asked:

"Q.  If you are taken as a juror, and the court tells you that the law is so and so, and tells you that you must follow those instructions, will you do it?  A.  Yes."

Appellant's counsel then propounded the following questions, and the juror made the following answers:

"Q.  Now, Mr. Cordova, if after you have heard the facts in this case you should have a reasonable doubt as to whether the defendant is guilty, you would acquit him, would you not?  A.  No.  Q.  Do you understand my question?  A.  Yes."

Counsel for appellant elected not to examine the juror further, although the court advised them to proceed. Appellant's exception was based upon the ground that the juror was unable to understand simple questions. In the first place the record does not indicate that the juror lacked intelligence sufficient to enable him to properly perform his duties as a juror.  That juror would not acquit appellant, although he entertained a

reasonable doubt of his guilt is not conclusive of his
lack of intelligence, because it is not shown that
the juror knew that the law entitles a defendant in a
criminal case to an acquittal under such circumstances.
Under the circumstances it was the duty of counsel for
appellant to further examine the juror and to develop,
if he could, the fact that the juror would not acquit ap-
pellant under such circumstances, knowing the law on
the subject. The proposition, however, is decided upon
the rule that it is for the trial court, in the exercise of
sound discretion, to determine whether a juror possesses
sufficient intelligence and understanding to properly
discharge his duties, and that its decision thereon will be
reviewed only to determine whether it has abused that
discretion. In 16 R. C. L. "Jury," § 104, among other
things it is stated:

> "But the finding of the trial court on the competency
> of a juror ought not to be set aside by a reviewing court,
> unless the error is manifest, or there is a clear abuse of
> discretion."

See, also, 24 Cyc. 197, where it is said that the matter
is always to be determined by the trial court in the
exercise of a sound discretion, and 2 Bishop's New Crim.
Pro. (2d Ed.) § 824 (4). In People v. Barker, 60 Mich.
289, 27 N. W. 542, 1 Am. St. Rep. 501, 506, a juror
delayed the proceedings of the court without cause, by
his absence, and was fined for contempt and removed
from the panel. The court said:

> "The circuit judge is invested with a certain degree of
> discretion in the selection of jurors for a panel. Such
> discretion is to be exercised in seeing that proper and
> competent men are selected; and so long as the case of the
> parties is not prejudiced by the exercise of such discretion
> they cannot complain."

In State v. Chase, 37 La. Ann. 165, the statute pro-
vided that only competent and intelligent men should
be selected as jurors. It was held that the trial court
was charged with the exercise of sound discretion in

the matter, and that for only manifest and palpable abuse thereof would its decision thereon be reversed. To the same effect is People v. McLaughlin, 2 App. Div. 419, 37 N. Y. Supp. 1005; State v. Tazwell, 30 La. Ann. 884; State v. Casey, 44 La. Ann. 969, 11 South. 583; McGuire v. State, 37 Miss. 369. Our statute does not provide that jurors must be educated or intelligent, but we assume that they must have sufficient intelligence to properly understand the testimony and arguments of counsel and consider the case; that being included within the constitutional right of a trial by jury. 24 Cyc. 188. The record in the case at bar not only fails to show an abuse of discretion on the part of the trial court, but indicates that its action in the premises was manifestly proper. The juror may have been somewhat dull, but he did not lack sufficient intelligence to sit in the case.

[4] The appellant made statements to the witness Herron which constituted a confession that he had killed the deceased. Thereupon Herron telephoned the sheriff of Quay county, and in the presence of the latter appellant again confessed his commission of the act. The appellant, the sheriff, and Herron then journeyed to Tucumcari, and in the courthouse, appellant signed and swore to a written confession of his commission of the crime. It is contended by appellant here that the court erred in admitting in evidence the statements made to the witness Herron and those made to the sheriff, as well as the contents of the written confession. It is asserted that the same were inadmissible for the following reasons: (1) That Herron was acting in conjunction with the sheriff's office at the time the statements were made; (2) that the confession was not shown to have been voluntarily made; (3) that the confession was made under a promise that Herron would sign appellant's bail bond; (4) that it was made under duress and fear; (5) that defendant was under arrest at the time the statement was made to the sheriff, and at the time the appellant signed and swore to the written con-

fession; and that no legal or statutory warning was given to the appellant. It is also asserted that appellant was without counsel at the time the confessions were made.

The court heard evidence as to whether the confession was voluntary or involuntary preliminary to the admission of the evidence of which complaint is made, and having determined that it was voluntary, admitted evidence of the contents thereof. We shall not recite the evidence in this regard. Appellant's case tended to show that the confession was involuntary, he testifying that threats made to arrest his sister, the widow of deceased, and charge her with the crime, together with the promise of Herron to sign his bail bond, induced him to make the confession and state that which was not true. In State v. Ascarate, 21 N. M. 191, 153 Pac. 1036, we discussed, in detail, the law of confessions. We held, among other things, that the contents of confessions were inadmissible where the confession was involuntarily made; that preliminary evidence should be taken to determine whether the confession was voluntary, and, if the court then found that it was voluntarily made, evidence of the contents thereof became admissible. If a conflict of evidence as to voluntary character of the confession subsequently ensued, the matter became one for the determination of the jury, under proper instructions. In these respects the law was followed by the trial court, and it was not in error in overruling appellant's objections.

[5] Appellant attempted to affect the credibility of the witness Bertie Zant, in surrebuttal, by asking a witness what her reputation was for virtue and chastity. Section 2180, Code 1915, permits impeachment of a witness by showing, by general evidence, that his or her general reputation for (1) truth and veracity, or (2) her moral character, is bad. We so held in State v. Perkins, 21 N. M. 135, 145, 153 Pac. 258. The question asked in this case was whether the witness knew the reputation of Bertie Zant for virtue and chastity—

not what that reputation was. It was merely a preliminary question, calling for a yes or no answer. We are unable to tell whether the court erred or not, because no offer was made by appellant that the witness would answer yes to the question and would testify that her reputation in that regard was bad. Such offer was essential. State v. McCracken, 22 N. M. 588, 590, 166 Pac. 1174.

[6] The tenth to twenty-first propositions, inclusive, made by appellant, predicate error in that the court is alleged to have commented on the weight of the evidence. An examination of the record fails to support this contention. For instance, in instruction numbered 9 the jury were instructed that they must believe in order to be warranted in finding appellant guilty of murder in the second degree: First, that Zant was killed; second, that he was killed by appellant; and, third, that the killing was effected in a certain manner, as the same was alleged in the indictment. Appellant's counsel assert that the court commented on the evidence because it assumed that there had been a killing, by stating that the killing must have been effected in the manner described. The twenty-second proposition is likewise without merit.

The seventh assignment of error is waived because not argued. Numerous other propositions of law are called to our attention by counsel for appellant and we have examined each of them. All are without merit, and this opinion will not be lengthened by further reference to them. For reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.

SYLLABUS BY THE COURT.

