288 P.2d 675

STATE of New Mexico, Plaintiff Appellee,

v.

Edward A. GILLIAM, Defendant Appellant.

No. 5950.

Supreme Court of New Mexico.

Oct. 5, 1955.

Hartley & Buzzard, Clovis, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Asst. Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

KIKER, Justice.

Defendant, appellant, was charged in statutory form with the crime of manslaughter, and a motion for a bill of particulars was filed in which defendant asked that the state be required to show whether the prosecution would be for voluntary or involuntary manslaughter; and if involuntary manslaughter whether the state's reliance would be on the commission of an

unlawful act not amounting to a felony or on the commission of a lawful act which might produce death in an unlawful manner or without due caution or circumspection and further requested that the state detail the particular acts or omissions relied on as constituting the crime of involuntary manslaughter.

The district attorney filed a bill of particulars which stated the crime charged is involuntary manslaughter; and that the crime was committed in the commission of a lawful act or acts which might produce death in an unlawful manner or without due caution or circumspection.

The bill of particulars so filed did not detail any acts or omissions relied on as constituting the crime of involuntary manslaughter.

At the beginning of trial defendant requested the court to require the district attorney to answer the third question propounded in the motion for a bill of particulars so that he could know the particular acts or omissions to be relied on by the state. The prosecuting attorney then stated:

"It is the State's theory that the specific act or acts consisted of carelessly handling a loaded fire-arm, and in particular that the defendant loaded the gun, that he handled it without due caution and circumspection while he was drinking, and that he drank intoxicants while he had a loaded gun in his possession."

Defendant, through his attorney, expressed himself as satisfied with the district attorney's statement provided that he could have a copy of the language.

The trial proceeded and the court instructed the jury, in particular, as to the material allegations of the information, as follows:

"That the said Eva Devoll was killed by the defendant Edward A. Gilliam while in the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection;"

The court further instructed the jury as follows:

"8. You are further instructed that lack of 'due caution and circumspection' means a reckless disregard of the consequences, and rights of others. In this connection you are instructed that before you can find the defendant guilty as charged in the Information you must believe from the evidence introduced in the case and beyond a reasonable doubt that the defendant handled the loaded weapon introduced as an exhibit in this case without due caution and circumspection and that his actions in so doing were the proximate cause of the death of Eva Devoll."

The jury returned a verdict finding defendant guilty as charged and this appeal followed.

The parties agree that the facts show that Eva Devoll was killed at the home of Leslie Johnson, when a pistol was discharged. Persons present in the room were Leslie Johnson, D. E. Hendrix, the defendant Edward A. Gilliam, and the deceased Eva Devoll; and that there was testimony to the effect that the pistol was in the hands of the defendant just after the shot went off, but defendant testified that D. E. Hendrix handed the gun to him and it went off as he took hold of the trigger guard and barrel.

It was a disputed fact as to whether the pistol was discharged as D. E. Hendrix handed it to the defendant.

After the shot had been fired and deceased had been struck, one of the persons present called the sheriff's office and the sheriff arrived at the scene of the shooting somewhat later. Some other officers also came to the scene. The evidence does not show what length of time elapsed after the shooting before the arrival of the sheriff and the other officers.

After the arrival of the sheriff, and before defendant was arrested, D. E. Hendrix, in the presence of the defendant and the sheriff and all others, then laid his hand on defendant's shoulder and said: "We all know it was an accident." This testimony as to the movement and statement of Hendrix was given by another of those present, not by Hendrix, who was not present at the trial.

Defendant, as appellant, assigns two errors. The first is that the court erred in permitting one of those present to testify that Hendrix had put his hand on the shoulder of defendant and made the statement: "We all know it was an accident" and in refusing to strike the testimony from the record and instruct the jury to disregard the same. Defendant made no response of any kind to Hendrix when the statement was made.

■ ■ Since the statement "We all know it was an accident" was made in the presence of defendant and since defendant did not deny the statement or respond to it in any way the statement, considered by him as harmful to him, was admissible as indicating an acquiescence at the time by the defendant in the truth of the statement. State v. Kidd, 24 N.M. 572, 175 P. 772; Commonwealth v. Hoff, 315 Mass. 551, 53 N.E.2d 680; Skidmore v. State, 59 Nev. 320, 92 P.2d 979; State v. Redwine, 23 Wash.2d 467, 161 P.2d 205.

In State v. Kidd, supra, a statement which was very damaging to defendant was made to him by the mother of deceased. It was let into evidence on the theory that it constituted an admission by silence by the failure of defendant to deny

the statement; and this court held its admission proper.

Assignment of error Number One shows no error.

The second assignment of error is to the effect that it is necessary for the court to instruct the jury in the exact language of the particulars stated by the district attorney at the opening of trial, as follows:

"That the specific act or acts consisted of carelessly handling a loaded firearm *and in particular that the defendant loaded the gun,* that he handled it without due caution and circumspection *while he was drinking,* and that he drank intoxicants while he had a loaded gun in his possession." (Emphasis by the court.)

█ All that can be required of the court's instructions is that they properly give to the jury the essential facts which must be established beyond a reasonable doubt before the defendant can be convicted.

In stating the essential elements in instruction No. 5 the court properly informed the jury as to everything which must be established in this case by evidence beyond a reasonable doubt to convict defendant except as to the gun, or pistol. In instruction No. 8 the court particularized as to the handling of the gun and expressly told the jury that it was required, to warrant a

conviction, to find beyond a reasonable doubt that defendant handled the pistol without due caution and circumspection and that his so doing was the proximate cause of the death of Eva Devoll.

█ It could have made no difference to the trial of a charge of involuntary manslaughter as to who loaded the gun or whether the person handling the gun was sober or drinking or whether he had loaded the gun while drinking intoxicants. All that it is necessary to establish for involuntary manslaughter by the use of a loaded firearm is that a defendant had in his hands a gun which at some time had been loaded and that he handled it, whether drunk, drinking or sober, without due caution and circumspection and that death resulted.

█ No objection or exception to the court's instructions was made or taken except that the statement of particulars dictated into the record by the district attorney should be included in the instruction stating the material allegations of the information. Since the court did include all material particulars of the statement of the district attorney in a separate instruction thereby calling particular attention to the propositions, the request should have been overruled, as it was. This court has recently reiterated the declaration that instructions must be read and considered as a whole. State v. Compton, 57 N.M. 227, 257 P.2d 915. So reading the instructions

134

in this case, appellant can have no complaint of them.

The proposition stated by appellant in his second assignment of error must be ruled against him.

In consideration of all the foregoing, the judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.