357 P.2d 52

**CITY OF RATON, Plaintiff-Appellee,**

v.

**Claude COWAN, Jr., Defendant-Appellant.**

No. 6673.

Supreme Court of New Mexico.

Nov. 28, 1960.

464

Wright & Kastler, Raton, for appellant.

Robertson & Skinner, Raton, for appellee.

CHAVEZ, Justice.

Defendant-appellant was convicted of driving a motor vehicle while under the influence of intoxicating liquor and of leaving the scene of an accident or collision. From a judgment against him, this appeal follows.

On January 31, 1959, at approximately 8:30 P.M., appellant's late model, light blue Cadillac automobile, which was being driven in a southerly direction on South Second Street in the city of Raton, New Mexico, struck the rear end of an unoccupied motor vehicle lawfully parked at an angle on the west side of South Second Street. The parked car was struck, bounced over the curb and hit a tree. The driver of the Cadillac automobile then backed up, waited a few seconds, and then drove off with the lights out, and then put them back on. Following the collision, appellant's car proceeded south on said street, was followed by police officers, and his automobile was found parked in a parking lot at the back of the Crystal Bar, a night spot located six or seven blocks south of the scene of the collision. The city officers went inside said bar, found appellant drinking, and on ascertaining that the car belonged to him, they placed him under arrest.

The sole question presented by appellant is that the trial court's judgment is not supported by substantial evidence.

It is unquestioned that appellant was the owner of the Cadillac automobile which struck the parked car and that immediately after the collision the police officers followed said car, found it in the rear of the Crystal Bar, and upon entering said bar, found the appellant inside drinking. The police officers did not see who got out of the car and did not know whether appellant was driving the car. The headlight and front fender of appellant's automobile were damaged, as was observed by the officers

upon finding said car in the rear of the Crystal Bar.

Appellee relies on circumstantial evidence as to the identity of the driver of the Cadillac automobile and to sustain the inference that appellant was the driver.

Officer William Casias (misspelled as "Casaus" in the record) testified that appellant on being arrested testified:

"A. He told me, do you like your job and I said yes, and he said, you won't be working here tomorrow, and I said O.K., you still have to go with me. I didn't help him out to the car, I let him go alone, and to me he was drunk, he was staggering out to the car. He was arguing with me * *."

Police Officer Joe Casados testified:

"Q. Do you remember any of the conversation with Mr. Cowan? A. When I walked in, he said he wasn't driving his car and Mr. Mangino said you might as well admit it, there is no use in lying about it. And he said, well, what if I was driving it."

Officer Casias also testified:

"Q. Do you remember anything Mr. Cowan said while he was sitting in the police station? A. He said that he was not driving the car, but he was no rat, he was not going to turn nobody in. Mr. Mangino told him, shut your mouth, you are in enough trouble, there is no use in making it worse.

"Q. Did Mr. Cowan say anything to that? A. No, he remained silent as far as I can recollect."

Officer Felix Petterlin, Jr. testified:

"Q. You don't know whether Mr. Cowan was driving the car or not? A. Well, we followed it down but didn't see who got out.

"Q. You don't know whether Mr. Cowan was driving or not? A. No, sir."

Even though appellant appears to deny that he was the driver of the Cadillac automobile involved in the collision, there are circumstances in the evidence which dispute this contention. When appellant was told by Mr. Mangino (who was appellant's bondsman and had appellant released shortly after he was taken to the police station), "* * * you might as well admit it, there is no use in lying about it," appellant responded: "Well, what if I was driving it." Also, the testimony is clear that the police officers followed appellant's car immediately after the collision, but didn't see who the person was who got out of the car.

There is ample evidence, that appellant was in an intoxicated condition at the time he was apprehended at the Crystal Bar. He argued with Officer Casias, he was

noisy and didn't talk like a normal person; he was incoherent, he smelled of liquor on his breath and was staggering.

No testimony was offered on behalf of appellant.

 Appellant concedes that an essential element of a criminal offense may be proved by circumstantial evidence. It is settled in this jurisdiction that where the State relies solely upon circumstantial evidence, such evidence must be inconsistent with any reasonable hypothesis of the defendant's innocence. State v. Rice, 58 N.M. 205, 269 P.2d 751. We believe the evidence in this case meets such test and that the trial court's findings and judgment are supported by substantial evidence.

We have also held that when a statement is made in the presence of a defendant which is considered by him as harmful to him and defendant does not deny the statement or respond to it in any way, the statement is admissible as indicating an acquiescence at the time by the defendant in the truth of the statement. State v. Gilliam, 60 N.M. 129, 288 P.2d 675.

The judgment of the district court will be affirmed. It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.