383 P.2d 247

**STATE of New Mexico, Appellee,**

v.

**Jimmy D. HATLEY, Appellant.**

No. 6880.

Supreme Court of New Mexico.

July 8, 1963.

FRANK B. ZINN, District Judge.

The appellant seeks a reversal of his conviction of the crime of armed robbery after a jury trial. He was charged with his codefendant, Owen L. Perry, of armed robbery. Before the time of appellant's trial, the codefendant, Perry, had plead guilty and been sentenced.

This opinion will consider first the second and third points raised on appeal. These, together, challenge the introduction into evidence, over objection, of written statements taken by police from codefendant Owen Perry implicating appellant in the robbery. The statements were neither made in appellant's presence nor approved nor ratified by him. The rationale of the trial court's ruling is contained in its Instruction No. 12:

"12. You are instructed that evidence has been presented in this case to show a confession to the offense made by Owen L. Perry. Such statements normally are not admissible as against the Defendant Hatley unless he were present at the time of the making of the statement, or unless at some subsequent time, the statement taken from Perry was read in the presence of Hatley. The law assumes that when such statements are read to the Defendant Hatley in Perry's presence, a person not guilty would make immediate denial."

Earl E. Hartley, Atty. Gen., Boston E. Witt, Norman S. Thayer, Oliver E. Payne, Asst. Attys. Gen., Santa Fe, for appellee.

Robert Hoath Lafollette, Albuquerque, for appellant.

This court has considered and approved the admissibility of testimony as to the silence of a defendant as a fact from which guilt might be inferred by the jury. Territory v. Harrington, 17 N.M. 62, 121 P. 613. It is noteworthy that in this early case, the court said:

" * * * the rule of evidence which allows the silence of a person to be construed as an admission of the truth of matters stated in his presence is to be applied with caution, * * *."

Similarly, see State v. Kidd, 24 N.M. 572, 175 P. 772; State v. Gilliam, 60 N.M. 129, 288 P.2d 675; City of Raton v. Cowan, 67 N.M. 463, 357 P.2d 52; Martinez v. United States, (10 CCA 1961), 295 F.2d 426.

■ Whether circumstances are such as to render the accused's failure to reply to a statement made in his presence an admission is, in the first instance, a question for the trial court.

In the present case, the testimony relating to defendant's conduct was as follows:

"A. I advised Jimmy Hatley that I did have the statements implicating him in the armed robbery along with the other two boys, Owen Perry and Julian Perry.

" * * * [Questions and answers followed relating to presence of Owen Perry.]

"Q. And would you please tell the Court and the Jury what, if anything, was said by Mr. Hatley in connection with these matters?

"A. Mr. Hatley would neither deny or admit anything concerning the statements one way or the other.

"Q. Did he speak at all?

"A. The only thing that he would say concerning this would be that he wanted to consult an attorney before he said anything."

The trial court ruled that the statements were admissible. They were then read in full to the jury. The second of these statements named the defendant as an accomplice in the robbery.

There is no testimony in the record indicating that the defendant Hatley ratified the statements of Perry or tacitly acquiesced in their veracity. The only response made by him at any point to the accusation appears to have been that quoted, of declining to speak until he had consulted counsel.

Appellant challenges the propriety of the ruling of the court admitting the statements and in submitting the quoted Instruction No. 12, relative to the effect that jury could give to the appellant's failure to deny the implicating statements, when the appellant chose not to deny but to remain silent until he could consult counsel.

California has more cases involving the admissibility of hearsay accusations and the response of the accused by a failure to deny than any other state reported in West's General Digest Criminal Law ☞ 407, under which these cases are compiled.

In the case of People v. Spencer, 78 Cal. App.2d 652, 178 P.2d 520, the trial court was reversed for a failure to properly evaluate the circumstance under which the defendant failed to deny an accusatory statement. The facts in that case surrounding the incident of non-denial, were that the defendant was being questioned in the presence of codefendant by police. They all had been advised of their rights as to counsel and that anything they said could be used against them. After a codefendant had made orally in his presence a statement implicating the defendant, he refused comment. The trial court received the full statement of the codefendant in evidence and the testimony relative to the defendant's silence. Citing People v. Simmons, 28 Cal. 2d 699, 712, 172 P.2d 18, an earlier California case. The court, in State v. Spencer, supra, stated:

"The rule of admissibility followed in this state does not make the statement inadmissible simply because the accused is under arrest, but as heretofore pointed out, the determinative factor is whether the defendant was free to speak spontaneously and whether the circumstances are such that a reply is called for. Other forms of restraint recognized * * * are a belief on the part of the accused that his best interests will be served by silence, advice of counsel, and admonition as to silence.

* * *"

Quoting from the cited case, People v. Simmons, supra, the court stated: " 'No violation of the privilege against self-incrimination can be sanctioned.' "

A similar holding was stated by the supreme court of Iowa in State v. Stump, (1963), 119 N.W.2d 210.

Remaining silent in the face of an accusation, under a claim of right to do so until counsel can be consulted, is not such a circumstance as will permit admission of testimony of the action of the accused or the content of the accusation. To have done so in this case was error. Because of this error, the case must be reversed and returned to the court below for re-trial.

Appellant's first point on appeal challenges another instruction of the court, which, while not necessary to this opinion, is discussed because of its importance in the event of a new trial. The challenged instruction of the trial court stated:

"7. You are instructed that every person concerned in the commission of an offense, whether he directly commits the offense or procures, counsels,

aids or abets in its commission, may be charged as a principal. Because of this, you are not to concern yourselves about the fact that Jimmy Hatley was not carrying the gun. The fact that he was with Owen L. Perry and aided him in the commission of the robbery is sufficient to convict him as a principal in this case."

The last sentence of the instruction is complained of as being, in essence, a directed verdict of guilty.

"An instruction which assumes that the offense charged has been committed is erroneous * * *. The same is true of an instruction which assumes issues for the jury such as accused's guilt or that he committed the act charged in the indictment. * * *"

23A C.J.S. Criminal Law § 1166; State v. Anderson, 24 N.M. 360, 174 P. 215.

The failure to have the factual hypothesis of the instruction, coupled with the customary words predicating its applicability on a finding by the jury that it was true, such as, "if you find," or "should you determine that," took away from the appellant the right to a jury determination of a most fundamental question of fact. Here, his defense was based upon a denial of the very fact assumed as true by the instruction.

■ The instruction must be considered in the light of all other instructions given to see whether the vice of the erroneous instruction is perhaps tempered or modified. State v. Gilliam, supra; State v. Compton, 57 N.M. 227, 257 P.2d 915.

An examination of the remaining instructions fails to reveal any reference that might have indicated to the jury, that the appellant's presence with the codefendant Perry and assistance in the commission of the crime, was a question for them to answer instead of a stated fact they must accept as true.

■ While the instruction is clearly erroneous, trial counsel made no record below on this particular instruction. As has been stated by this court many times, a failure to object at trial to instructions constitutes a waiver of errors that might have been committed. State v. Roybal, 66 N.M. 416, 349 P.2d 332; State v. Justus, 65 N.M. 195, 334 P.2d 1104; and numerous other cases.

The judgment and sentence is reversed and will be set aside, with the appellant to be granted a new trial.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.