This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39331**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHERRY ANAYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Cherry Anaya appeals her convictions for armed robbery and conspiracy to commit armed robbery, contrary to NMSA 1978, Section 30-16-2 (1973) and NMSA 1978, Section 30-28-2 (1979).[1] Defendant argues that (1) the victim's in-

---

1Defendant was also convicted of unauthorized use of the card of another, contrary to NMSA 1978, Section 58-16-16 (1990), and theft of identity, contrary to NMSA 1978, Section 30-16-24.1 (2009), but those convictions are not at issue in this appeal. Defendant conceded using the victim's credit card to make purchases but denied involvement in the robbery.

court identification of Defendant was unduly suggestive, and (2) she received ineffective assistance of counsel. We affirm.

## DISCUSSION

### I.    In-Court Identification

**{2}**    Defendant asserts that the in-court identification in this case was unduly suggestive and therefore unconstitutional. Defendant further asserts that the in-court identification "was the only evidence linking [her] to the robbery, and absent that evidence, there are grave doubts concerning the validity of the robbery verdicts." We initially reject the latter assertion in light of the significant circumstantial evidence presented by the State linking Defendant to the robbery. This evidence includes: (1) video showing a gold Nissan parking beside the victim's car before she was robbed at gunpoint by a passenger in the gold Nissan; (2) video of Defendant driving the gold Nissan through a McDonald's drive-through an hour after the robbery at the same time the victim's credit card was used to purchase food at McDonald's; (3) testimony from two police officers positively identifying Defendant as the driver of the gold Nissan in the McDonald's video; (4) video of Defendant driving the gold Nissan through the drive-through lane at KC Express shortly after the McDonald's video was taken, and at the same time that the victim's credit card was used to purchase cigarettes at KC Express; (5) testimony from the clerk working for KC Express at the time of the transaction, who positively identified Defendant as the driver of the gold Nissan in the video who purchased cigarettes; and (6) testimony that Defendant was driving the gold Nissan and had the keys to that vehicle at the time she was arrested two months later. *Cf. State v. Milton*, 1974-NMCA-094, ¶¶ 2-3, 86 N.M. 639, 526 P.2d 436 (circumstantial evidence that the defendant drove away from the robbery sufficiently supported his conviction despite his claim that the pretrial identification was impermissibly suggestive); *City of Raton v. Cowan*, 1960-NMSC-120, ¶¶ 2, 10, 67 N.M. 463, 357 P.2d 52 (circumstantial evidence that the defendant drove away from a hit-and-run accident supported his conviction despite his contention that he was not driving the vehicle at the time of the collision).[2]

**{3}**    On the primary issue of the in-court identification, the State points out that defense counsel was the one to first elicit the in-court identification during cross-examination of the victim and, therefore, Defendant invited the error she now complains of. *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal."). Defendant acknowledges that her counsel initially solicited the identification during trial, but nevertheless asks us to review the matter for "fundamental and plain error." However, it is well settled that "[t]he doctrine of fundamental error cannot be invoked to remedy the

---

2Defendant's brief in chief did not direct this Court to any of this evidence, nor did she alert us to the fact that her counsel was the one to elicit the in-court identification. We remind counsel of the obligations set forth in Rule 12-318(A)(3) NMRA (stating that the brief in chief shall contain "a summary of proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review").

defendant's own invited mistakes." *State v. Campos*, 1996-NMSC-043, ¶ 47, 122 N.M. 148, 921 P.2d 1266, *abrogated on other grounds as stated in State v. Groves*, 2021-NMSC-003, 478 P.3d 915; *see also State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 ("[T]he doctrine of fundamental error has no application in cases where the defendant, by his own actions, invites error.").

**{4}**     We also reject Defendant's assertion that she was compelled to elicit the identification because "[a] lay jury may well reason that [Defendant] must be the person the witness was talking about or otherwise [Defendant] would not be in the defendant's seat." As our Supreme Court noted in *State v. Ramirez*, 2018-NMSC-003, ¶¶ 34-35, 409 P.3d 902, other constitutional safeguards were available to protect Defendant from any suggestiveness arising from her seat position in the courtroom. Those safeguards include "the right to have a jury evaluate the testimony of witnesses, the right to confront eyewitnesses, the right to effective assistance of an attorney who can expose the flaws of the eyewitness testimony on cross-examination[,] . . . the right to present testimony about the unreliability of eyewitness identification made under certain circumstances, and the requirement that the state prove guilt beyond reasonable doubt." *Id.* ¶ 35. Defense counsel used a number of these tools during his cross-examination of the victim, and on appeal, Defendant has not explained how eliciting the in-court identification from the victim would counter the suggestiveness she complains of. *See id.* ¶ 34 (holding that any alleged taint arising from the defendant's seat position in the courtroom did not arise as a result of improper law enforcement influence and was not required to be suppressed on that basis); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments).

**{5}**     While the invited error doctrine disposes of the matter, we briefly note two additional points that preclude our consideration of Defendant's substantive arguments. First, to the extent Defendant claims that *Ramirez* should be overturned insofar as it only provides a remedy for identifications tainted by improper law enforcement influence, we are not an appropriate audience for that argument because this Court is not at liberty to overrule precedents of our Supreme Court. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 22, 135 N.M. 375, 89 P.3d 47 ("[T]he Court of Appeals is bound by Supreme Court precedent."). Second, Defendant did not raise her concerns about the reach of *Ramirez* at trial, and therefore failed to preserve the arguments she now makes on appeal. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). The same is true for her argument that the New Mexico Constitution provides broader protections than its federal counterpart. *See State v. Gomez*, 1997-NMSC-006, ¶ 23, 122 N.M. 777, 932 P.2d 1 ("[W]hen a party asserts a state constitutional right that has not been interpreted differently than its federal analog, a party . . . must assert in the trial court that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart and provide reasons for interpreting the state provision different from the federal provision." (emphases omitted)).

**{6}** For all of these reasons, we decline to reverse Defendant's convictions based on her claim that an improper in-court identification tainted the verdict.

## II.     Ineffective Assistance of Counsel

**{7}** Defendant argues that she received ineffective assistance of counsel because her attorney failed to file a pretrial motion to suppress the in-court identification. "To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 (internal quotation marks and citation omitted). Defense counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Id.* ¶ 18 (internal quotation marks and citation omitted). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "A prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy or tactic to explain the counsel's conduct." *State v. Ortega*, 2014-NMSC-017, ¶ 55, 327 P.3d 1076 (internal quotation marks and citation omitted).

**{8}** Here, because the prosecutor did not elicit the in-court identification, we fail to see how defense counsel's failure to file a pretrial motion to suppress in-court identifications qualifies as deficient under the circumstances. Defendant has not otherwise argued that defense counsel was ineffective for eliciting the identification. Notwithstanding this, Defendant may pursue a habeas corpus proceeding on this issue. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466 (explaining that our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal).

## CONCLUSION

**{9}** For the foregoing reasons, we affirm Defendant's convictions for armed robbery and conspiracy to commit armed robbery.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**